ATTACHMENT A19

NO. 06-CR-1771                                         JEFFERSON CIRCUIT COURT
                                                         DIVISION FIVE (5)

COMMONWEALTH OF KENTUCKY                               PLAINTIFF

V.                                **OPINION AND ORDER**

DARRYL GORDON GRIGSBY                               DEFENDANT

\* \* \* \* \* \* \* \* \* \* \* \* \*

    This matter comes before the Court on a motion brought by Defendant, Darryl Gordon Grigsby, for relief pursuant to RCr 11.42 and for an evidentiary hearing on said motion. Grigsby's motions to proceed in forma pauperis and for appointment of counsel were previously granted on January 28, 2011.

## BACKGROUND SUMMARY

    Grigsby was indicted on May 31, 2006 and charged with Murder, Robbery I, Tampering with Physical Evidence (two counts), Arson III, Abuse of Corpse, and PFO II based upon events surrounding the May 5, 2006 death of Tiphanie Noell Durham.  On July 5, 2006, the Commonwealth filed notice that it would seek the death penalty for the murder charge, as its proof at trial would show that Grigsby shot Durham during the course of a robbery.

    On August 15, 2006, defense counsel filed a motion to compel discovery regarding identifying information of witnesses redacted by the Commonwealth.  After a hearing, the motion was granted on September 15, 2006, except as to social security numbers. On September 24, 2007, defense counsel filed a notice of intent to utilize a defense involving mitigation based upon expert testimony related to a mental disease or defect.  Dr. Wayne G. Herner and Marilyn M. Wagner, PhD were hired to provide said expert testimony on behalf of the defense.

On October 2, 2007, defense counsel filed a motion to prohibit exclusion of African American jurors based on their opposition to the death penalty.  On October 3, 2007, defense counsel filed a motion to exclude the testimony of Grigsby's sister, Patrice, on the grounds of mental illness.  Also, on October 3, 2007, defense counsel filed reciprocal discovery regarding the insurance claim on the burned Chevrolet Tahoe, which was the basis of the Arson III charge.

The jury trial was scheduled on October 8, 2007; however, on October 5, 2007, Defendant entered an *Alford* plea to Murder, Arson III, Tampering with Physical Evidence (two counts) and being a Persistent Felony Offender II.  All sentences were to run concurrent for a total sentence of life imprisonment without the possibility of parole for twenty years.  The Robbery I and the Abuse of Corpse charges were dismissed.

Grigsby appealed said sentence to the Kentucky Supreme Court, arguing that his plea must be vacated because he was not informed about his right to enter a blind plea and demand jury sentencing.  The Kentucky Supreme Court disagreed and found that his plea was made knowingly and voluntarily and affirmed his sentence.  Said opinion was final on February 11, 2010.

On August 5, 2010, Grigsby filed a pro-se motion to vacate his conviction pursuant to RCr 11.42.  The Commonwealth acknowledged receipt of the motion on August 18, 2010.  By order dated January 28, 2011, Grigsby was allowed to proceed in forma pauperis and the Department of Public Advocacy ("DPA") was appointed to represent him.  A notice of appearance was filed by DPA on October 28, 2011.  On May 15, 2013, DPA filed its brief to supplement Grigsby's pro-se motion.  On July 8, 2013, Grigsby filed a pro-se motion for a default judgment against the Commonwealth, who subsequently filed its response to the RCr 11.42 motion on August 12, 2013.  Grigsby filed a reply thereto on August 26, 2013.  The matter

has now been fully briefed and is ready for the Court's determination.

## OPINION

In an RCr 11.42 proceeding, the defendant has the burden "to establish convincingly that he was deprived of some substantial right which would justify the extraordinary relief afforded by the post-conviction proceedings [.]" *Dorton v. Commonwealth*, 433 S.W.2d 117 (Ky. 1968). Initially, the Court notes that the record in this case shows that the guilty plea entered into by Grigsby was voluntarily and intelligently made.  He stated during the plea that he was satisfied with his counsel's advice and that he had enough time to talk to his counsel about the case and the evidence against him.  Moreover, the Kentucky Supreme Court found that Grigsby's plea was made knowingly and voluntarily and affirmed his sentence.

Grigsby is now arguing that his counsel was ineffective for incorrectly informing him that he was eligible for capital murder and the death sentence.  Further, he alleges his counsel was ineffective for failing to pursue the defenses of self-defense and extreme emotional disturbance (EED) to the murder charge, which he believes would have taken the death penalty off the table.

In order to prove ineffective assistance of counsel, Grigsby must meet a two-prong test. First, Grigsby must show that counsel's performance was deficient, requiring that counsel made errors so serious that he was not functioning as the "counsel" guaranteed by the Sixth Amendment.  Second, he must show the deficient performance prejudiced his defense by showing that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland v. Washington*, 466 U.S. 668, 687, 694; 104 S.Ct. 2052, 2064; 80 L.Ed2d. 674 (1984); *Gall v. Commonwealth*, 702 S.W.2d 37,

39 (Ky. 1985).

A reviewing Court, in determining whether counsel was ineffective, must be "highly deferential in scrutinizing counsel's performance, and the tendency and temptation to second guess should be avoided." *Russell v. Commonwealth*, 992 S.W.2d 871, 875 (Ky. App. 1999). The Court "must indulge a strong presumption that counsel acted reasonably and effectively." *Mills v. Commonwealth*, 170 S.W.3d 310, 328 (Ky. 2005).

The test for determining ineffective assistance of counsel on a guilty plea was stated as follows in *Sparks v. Commonwealth*, 721 S.W.2d 726 (Ky. App. 1986):

> Whether counsel made errors so serious that counsel's performance fell outside the wide range of professionally competent assistance; and ... that the deficient performance so seriously affected the outcome of the plea process that, but for the errors of counsel, there is a reasonable probability that the defendant would not have pleaded guilty, but would have insisted on going to trial.

*Id.* at 727-28.

Counsel, acting in good faith and in the exercise of reasonable judgment, may properly recommend that the defendant plead guilty rather than going to trial. *Hendrickson v. Commonwealth*, 450 S.W.2d 234 (Ky. 1970); *Harris v. Commonwealth*, 456 S.W.2d 690 (Ky. 1970). The record shows that the Commonwealth advised it would seek the death penalty against Grigsby because he was originally indicted on charges of both Murder and Robbery in the First Degree. While the charge of Robbery in the First Degree was dismissed as part of Grigsby's plea agreement, it could have been considered an aggravating circumstance had the matter gone to trial. KRS 532.025. As such, Grigsby's counsel did not err in informing Grigsby that he could face the death penalty at trial. The Court finds that counsel's performance in this regard was not deficient so as to fall outside the range of professionally competent assistance. *Bronk v. Commonwealth*, 58 S.W.3d 482 (Ky. 2001). The Court further notes that discovery

obtained by the Commonwealth was overwhelmingly damaging to Grigsby's defense. Therefore, the Court cannot say that there was a reasonable probability that Grigsby would have insisted on proceeding to trial.

Grigsby also argues counsel could have raised defenses such as EED and self defense, which would have taken the death penalty off the table. In order to raise the EED defense, the evidence must show: (1) a sudden and uninterrupted triggering event; (2) that resulted in the defendant being extremely emotionally disturbed; and (3) that the defendant acted under the influence of this disturbance. *Spears v. Commonwealth*, 30 S.W.3d 152, 155 (Ky. 2001). The Kentucky Supreme Court has defined extreme emotional disturbance as a "temporary state of mind so enraged, inflamed, or disturbed as to overcome one's judgment." *Talbott v. Commonwealth*, 968 S.W.2d 76, 84 (Ky. 1998), *citing Bills v. Commonwealth*, 851 S.W.2d 466, 468 (Ky. 1993).

The Court finds that trial counsel's decision not to pursue EED or self defense was a reasonable trial strategy under the circumstances of this case. The record does not appear to contain evidence sufficient to satisfy the definition of EED as set forth by the Kentucky Supreme Court. Thus, counsel was not deficient in failing to advise Grigsby that the EED defense was available. Moreover, Grigsby's own narration of the events is not sufficient to support his argument that EED and self defense ought to have been sought. Ultimately, the burden is on Grigsby to show that counsel made egregious errors such that he was not functioning as competent counsel. This, despite his personal description of the events leading to Durham's death, he has not done. There is no substantiation that decisions made by trial counsel were anything other than reasonable judgment, made in good faith. Accordingly, the Court denies Grigsby's Motion.

ATTACHMENT A24

Lastly, Grigsby argues that he is entitled to an evidentiary hearing.  A hearing for an RCr 11.42 motion is only necessary if said motion raises issues that cannot be determined from the face of the record.  See RCr 11.42(5); *Fraser v. Commonwealth*, 59 S.W3d 448 (Ky. 2001). Given that the issues raised by Defendant were capable of determination from the face of the record in this case, no evidentiary hearing is required.

Therefore, the Court enters the following Order:


## ORDER

IT IS HEREBY ORDERED AND ADJUDGED that the Defendant's motions for relief pursuant to RCr 11.42 and for an evidentiary hearing are DENIED.

ENTERED IN COURT
DAVID L. NICHOLSON, CLERK
OCT 02 2013
BY _____ DEPUTY CLERK

MARY M. SHAW, JUDGE
Jefferson Circuit Court


Cc:   Ryan Olberding, ACA
      R. Christian Garrison, DPA
      Darryl Grigsby