# THE COMMONWEALTH OF KENTUCKY

## Jefferson Circuit Court, Criminal Division

06CR 1771 - 5

**MAY** Term A.D., 2006

THE COMMONWEALTH OF KENTUCKY

Against

DARRYL GORDON GRIGSBY

}

MURDER
KRS 507.020 CAPITAL OFFENSE
20 YEARS to 50 YEARS; OR LIFE; OR LIFE
WITHOUT PAROLE; OR LIFE WITHOUT PAROLE
FOR 25 YEARS; OR DEATH
KRS 534.030 FINE OF $1000 - $10,000 OR DOUBLE
THE DEFENDANT'S GAIN, WHICHEVER IS GREATER
UOR 09100-5
COMPLICITY KRS 502.020
**ONE COUNT**

ROBBERY I
KRS 515.020
CLASS B FELONY 10 TO 20 YEARS
KRS 534.030 FINE OF $1000 - $10,000 OR DOUBLE
THE DEFENDANT'S GAIN, WHICHEVER IS GREATER
UOR 12000-5
COMPLICITY KRS 502.020
**ONE COUNT**

TAMPERING WITH PHYSICAL EVIDENCE
KRS 524.100
CLASS D FELONY 1 TO 5 YEARS
KRS 534.030 FINE OF $1000 - $10,000 OR DOUBLE
THE DEFENDANT'S GAIN, WHICHEVER IS GREATER
UOR 50230-5
COMPLICITY KRS 502.020
**TWO COUNTS**

ARSON III
KRS 513.040
CLASS D FELONY 1 TO 5 YEARS
KRS 534.030 FINE OF $1000 - $10,000 OR DOUBLE
THE DEFENDANT'S GAIN, WHICHEVER IS GREATER
UOR 20002-5
COMPLICITY KRS 502.020
**ONE COUNT**

ABUSE OF CORPSE
KRS 525.120 CLASS A MISDEMEANOR
UP TO 12 MOS. &/OR UP TO $500 UOR 02602-5
COMPLICITY KRS 502.020
**ONE COUNT**

PERSISTENT FELONY OFFENDER II
KRS 532.080 INDETERMINATE UOR 73102
**ONE COUNT**

1

# THE COMMONWEALTH OF KENTUCKY
## Jefferson Circuit Court, Criminal Division

_MAY_ Term A.D., 2006

**THE COMMONWEALTH OF KENTUCKY**

**Against**

DARRYL GORDON GRIGSBY

}

The Grand Jurors of the County of Jefferson, in the name and by the authority of the Commonwealth of Kentucky, charge:

### COUNT ONE

That on or about the 5th day of May, 2006, in Jefferson County, Kentucky, the above named defendant, DARRYL GORDON GRIGSBY, acting alone or in complicity with another, committed the offense of Murder by intentionally or under circumstances manifesting extreme indifference to human life wantonly caused the death of Tiphanie Noell Durham.

### COUNT TWO

That on or about the 5th day of May, 2006, in Jefferson County, Kentucky, the above named defendant, DARRYL GORDON GRIGSBY, acting alone or in complicity with another, committed the offense of Robbery in the First Degree when, in the course of committing a theft, he used or threatened the immediate use of physical force upon Tiphanie Noell Durham, with the intent to accomplish the theft and

(a) he caused physical injury to Tiphanie Noell Durham, who was not a participant in the crime;

OR

(b) he was armed with a deadly weapon;

OR

(c) he used or threatened the immediate use of a dangerous instrument upon Tiphanie Noell Durham, who was not a participant in the crime.

2

2

# THE COMMONWEALTH OF KENTUCKY
## Jefferson Circuit Court, Criminal Division

_____

**MAY** Term A.D., **2006**

**THE COMMONWEALTH OF KENTUCKY**

**Against**

DARRYL GORDON GRIGSBY

}

### COUNT THREE

That on or about the 5th day of May, 2006, in Jefferson County, Kentucky, the above named defendant, DARRYL GORDON GRIGSBY, acting alone or in complicity with another, committed the offense of Tampering With Physical Evidence when, believing that an official proceeding may be pending or instituted against him, he destroyed, mutilated, concealed, removed or altered the physical evidence which he believed was about to be produced or used in such official proceeding, with the intent to impair its verity or availability in the official proceeding.

### COUNT FOUR

That on or about the 5th day of May, 2006, in Jefferson County, Kentucky, the above named defendant, DARRYL GORDON GRIGSBY, acting alone or in complicity with another, committed the offense of Tampering With Physical Evidence when, believing that an official proceeding may be pending or instituted against him, he destroyed, mutilated, concealed, removed or altered the physical evidence which he believed was about to be produced or used in such official proceeding, with the intent to impair its verity or availability in the official proceeding.

### COUNT FIVE

That on or about the 5th day of May, 2006, in Jefferson County, Kentucky, the above named defendant, DARRYL GORDON GRIGSBY, acting alone or in complicity with another, committed the offense of Arson in the Third Degree when, he wantonly caused destruction or damage to a Chevrolet Tahoe, a building of his own or of another by intentionally starting a fire or causing an explosion.

# THE COMMONWEALTH OF KENTUCKY
## Jefferson Circuit Court, Criminal Division

MAY Term A.D., 2006

**THE COMMONWEALTH OF KENTUCKY**

**Against**

DARRYL GORDON GRIGSBY

### COUNT SIX

That on or about the 5th day of May, 2006, in Jefferson County, Kentucky, the above named defendant, DARRYL GORDON GRIGSBY, acting alone or in complicity with another, committed the offense of Abuse of Corpse when, not authorized by law, he intentionally treated a human corpse in a way that would outrage reasonable family sensibilities.

### COUNT SEVEN

Further, that the defendant, DARRYL GORDON GRIGSBY, has previously been convicted of the following felonies and is now charged as being a Persistent Felony Offender in the Second Degree as follows:

(1)    That on or about the 2nd day of May, 2005, in Jefferson County, Kentucky, the above-named defendant appeared in the Jefferson Circuit Court, a court of general criminal jurisdiction, pursuant to Indictment No. 04CR3266, charging him with Trafficking in Marijuana under 8 oz. - 2 counts and Tampering With Physical Evidence, all felonies in violation of the Kentucky Revised Statutes, and that said court sentenced the defendant to a term of 3 years in the Kentucky Department of Corrections;

AND

(2)    (a) That the defendant was 18 years or older at the time he committed the prior offenses;

AND

(b)    That the defendant is more than 21 years of age;

# THE COMMONWEALTH OF KENTUCKY
## Jefferson Circuit Court, Criminal Division

MAY Term A.D., 2006

**THE COMMONWEALTH OF KENTUCKY**

Against

DARRYL GORDON GRIGSBY

JEFFERSON CIRCUIT COURT
DIVISION FIVE (5)

AND

(c)   That the defendant was on a form of legal release from at least one of the previous felony convictions on the date of the commission of the offenses charged in this indictment.

AGAINST THE PEACE AND DIGNITY OF THE COMMONWEALTH OF KENTUCKY

A TRUE BILL

TRUE BILL COUNTS- 1 - 2

FOREPERSON

Wit:   Det. Keith Roberts

THOMAS A. VAN DE ROSTYNE/lv
Assigned Assistant Commonwealth's Attorney

5-31  20 06
RECEIVED FROM THE Foreman of the Grand
Jury in their presence, and filed in open Court.
ATTEST: TONY MILLER, Clerk

By _____ D.C.

FILED IN CLERK'S OFFICE

TONY MILLER, CLERK
dy _____ D.C

5

5

NO. 06CR1771

FILED IN CLERK'S OFFICE JEFFERSON CIRCUIT COURT
JEFFERSON CIRCUIT CT.

2006 JUL -5 P 3 50

CLERK 5
BY_____D.C.

JEFFERSON CIRCUIT COURT

DIVISION FIVE (5)

COMMONWEALTH OF KENTUCKY                                    PLAINTIFF

VS.                    NOTICE OF AGGRAVATING CIRCUMSTANCES

DARRYL GRIGSBY                                              DEFENDANT

* * *

Comes the Commonwealth of Kentucky, by counsel, R. David Stengel, Commonwealth's Attorney, and Thomas A. Van De Rostyne Assistant Commonwealth's Attorney for the 30th Judicial District of Kentucky, and hereby gives formal notice that the above-styled indictment shall be prosecuted as a capital offense. In support of this notice, the Commonwealth states as follows:

1) The specific aggravating circumstances upon which the Commonwealth will rely are set out in KRS 532.025(2)(a)(2) as follows:

502.025(2)(a)(2). The offense of Murder or Kidnaping was committed while the offender was engaged in the commission of arson in the first degree, robbery in the first degree, burglary in the first degree, or sodomy in the first degree.

2) The Commonwealth's proof at trial will demonstrate that the defendant killed the victim by shooting her to death during the course of a robbery.

WHEREFORE, the Commonwealth respectfully requests the Court to accept this notice of aggravating circumstances and permit the Commonwealth to amend same as may be necessary.

16

6

Respectfully submitted,

R. DAVID STENGEL
Commonwealth's Attorney


THOMAS A. VAN DE ROSTYNE
Assistant Commonwealth's Attorney
514 West Liberty Street
Louisville, Kentucky 40202-2887
(502) 595-2300


## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing was on this 5th day of July, 2006, delivered to the Office of the Public Defender, counsel for Defendant, 200 Advocacy Plaza, 719 W. Jefferson Street, Louisville, KY 40202.

R. DAVID STENGEL
Commonwealth's Attorney


THOMAS A. VAN DE ROSTYNE
Assistant Commonwealth's Attorney

17

NO. 06CR1771

JEFFERSON CIRCUIT COURT
DIVISION FIVE (5)
JUDGE MARY SHAW

COMMONWEALTH OF KENTUCKY

PLAINTIFF

V.                            **NOTICE**

DARRYL GORDON GRIGSBY

DEFENDANT

TO:    TOM VANDEROSTYNE, Esq.
       ASSISTANT COMMONWEALTH'S ATTORNEY

**NOTICE OF MENTAL HEALTH TESTIMONY
AND EXPERT TESTIMONY RELATING
TO A MENTAL DISEASE OR DEFECT**

Comes now the defendant, Darryl G. Grigsby, pursuant to RCr 7.24(3)(B)(i), and

gives notice as described above concerning his intent to introduce expert testimony related to a

mental disease or defect.

**CERTIFICATE OF SERVICE**

The undersigned hereby certified that a true copy of this notice was hand
delivered to Tom VanDeRostyne, Esq. Assistant Commonwealth's Attorney, on this 24th of
September, 2007.

MICHAEL C. LEMKE
MICHAEL FERRARACCIO
ASSISTANT PUBLIC DEFENDERS
LOUISVILLE METRO PUBLIC DEFENDER
200 ADVOCACY PLAZA
719 WEST JEFFERSON STREET
LOUISVILLE, KENTUCKY  40202
(502) 574-3800

NO.   06CR1771                                    JEFFERSON CIRCUIT COURT
                                                      DIVISION FIVE (5)
                                                      JUDGE MARY SHAW


COMMONWEALTH OF KENTUCKY                                          PLAINTIFF


VS.                          NOTICE-MOTION-ORDER


DARRYL GRIGSBY                                                    DEFENDANT

                         ** ** ** ** ** **

TO:   Honorable Michael Ferraraccio and Michael Lemke
      Office of the Public Defender
      719 West Jefferson Street, Suite 200
      Louisville, KY 40202

                              NOTICE

        Please take notice that the undersigned will, on Friday, October 5, 2007 at 1:00

p.m., in the above Court, tender the following Motion and Order.

                MOTION FOR RECIPROCAL DISCOVERY

        Comes the Commonwealth of Kentucky, by counsel, Thomas A. Van De Rostyne,

Assistant Commonwealth's Attorney for the 30th Judicial Circuit of Kentucky, and moves this

Honorable Court to issue the attached order for reciprocal discovery.  In support of its Motion,

the Commonwealth states as follows:

        RCr. 7.24(3)(A)(i) provides that upon written request by the Commonwealth, the

defendant shall provide the Commonwealth with the "results or reports of physical or mental

examinations and of scientific tests or experiments made in connection with the particular case

which the defendant intends to introduce as evidence or which were prepared by a witness whom the defendant intends to call at trial when the results or reports relate to the witness' testimony."

On September 24, 2007, the Commonwealth received a notice from the defendant that the defendant intended to utilize a defense involving mitigation based upon expert testimony relating to mental disease or defect. Based on the authority of RCr. 7.24(3)(A)(I), the Commonwealth moves this Court to enter the attached order requiring the defendant to provide the Commonwealth with the materials to which the Commonwealth is entitled under RCr. 7.24.

Respectfully submitted,

Thomas A. Van De Rostyne
Assistant Commonwealth's Attorney
514 West Liberty Street
Louisville, Kentucky 40202

Ginny L. Ansert
Assistant Commonwealth's Attorney

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing was, on this 3rd day of October, 2007, delivered and faxed to counsel for the defendant at the address listed above.

Thomas A. Van De Rostyne
Assistant Commonwealth's Attorney

125

NO.   06CR1771                                          JEFFERSON CIRCUIT COURT

                                                       DIVISION FIVE (5)


COMMONWEALTH OF KENTUCKY                                                    PLAINTIFF


VS.                                    ORDER


DARRYL GRIGSBY                                                              DEFENDANT

                              ** ** ** ** **

        Motion having been made, and the Court being otherwise sufficiently advised, IT IS

HEREBY ORDERED that the defendant shall comply with the mandates of RCr. 7.24(3)(A)(I) by

providing the Commonwealth with the "results or reports of physical or mental examinations and

of scientific tests or experiments made in connection with the particular case, which the defendant

intends to introduce as evidence or which were prepared by a witness whom the defendant intends

to call at trial when the results or reports relate to the witness' testimony."


                                      _____
                                      MARY SHAW
                                      Judge, Jefferson Circuit Court


DATE:_____


126

11

NO.   06CR1771                                    JEFFERSON CIRCUIT COURT
                                                        DIVISION FIVE (5)
                                                       JUDGE MARY SHAW

FILE IN CLERK'S OFF.
JEFFERSON CIRCUIT CT.

2007 OCT -3  P 3: 51

CLERK 5.

BY_____ D.C.

COMMONWEALTH OF KENTUCKY                                        PLAINTIFF

VS.                       NOTICE-MOTION-ORDER

DARRYL GRIGSBY                                                  DEFENDANT

                    ** ** ** ** ** **

TO:   Honorable Michael Ferraraccio and Michael Lemke
      Office of the Public Defender
      719 West Jefferson Street, Suite 200
      Louisville, KY. 40202

                        NOTICE

        Please take notice that the undersigned will, on Friday, October 5, 2007 at 1:00

p.m., in the above Court, tender the following Motion and Order.

MOTION TO EXCLUDE MENTAL HEALTH TESTIMONY AND EXPERT TESTIMONY

        RELATING TO A MENTAL DISEASE OR DEFECT

        Comes the Commonwealth of Kentucky, by counsel, Thomas A. Van De Rostyne

and Ginny L. Ansert, Assistant Commonwealth's Attorney's for the 30th Judicial Circuit of

Kentucky, and moves this Honorable Court to issue the attached order excluding expert

testimony relating to the mental health and/or mental disease or defect of the defendant during

any phase of the trial.  In support of its Motion, the Commonwealth states as follows:

        RCr. 7.24(3)(B)(i) provides that "If a defendant intends to introduce expert

testimony relating to a mental disease or defect or any other mental condition of the defendant

128

12

bearing upon the issue of his or her guilt or punishment, the defendant **shall**, at least **20 days** prior to trial, or at such other time as the court may direct upon reasonable notice to the parties, notify the attorney for the Commonwealth in writing of such intention and file a copy of such notice with the clerk. (emphasis added) The court may for cause shown allow late filing."

On September 24, 2007, the Commonwealth received a notice from the defendant that the defendant intended to utilize a defense involving mitigation based upon expert testimony relating to mental disease or defect. This was ten (10) days prior to the scheduled trial date of October 5, 2007. Based on the authority of RCr. 7.24(3)(B)(i), the Commonwealth moves this Court to enter the attached order excluding any expert testimony, documents, or other testimony during any phase of the trial.

Respectfully submitted,

Thomas A. Van De Rostyne
Assistant Commonwealth's Attorney
514 West Liberty Street
Louisville, Kentucky 40202

Ginny L. Ansert
Assistant Commonwealth's Attorney

### CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing was, on this 3rd day of October, 2007, delivered and faxed to counsel for the defendant at the address listed above.

Thomas A. Van De Rostyne
Assistant Commonwealth's Attorney

129

13

NO.   06CR1771                                          JEFFERSON CIRCUIT COURT

                                                       DIVISION FIVE (5)


COMMONWEALTH OF KENTUCKY                                              PLAINTIFF


VS.                           ORDER


DARRYL GRIGSBY                                                        DEFENDANT

                    ** ** ** ** **

        Motion having been made, and the Court being otherwise sufficiently advised, IT

IS HEREBY ORDERED that in compliance with the mandates of RCr. 7.24(3)(B)(i) the

Defendant is precluded from offering into evidence, during any phase of the trial, any expert

testimony, or any results or reports of physical or mental examinations and of scientific tests or

experiments made in connection with the particular case which the defendant intends to

introduce as evidence or which were prepared by a witness whom the defendant intends to call at

trial when the results or reports relate to the witness' testimony.


                                    _____
                                    MARY SHAW
                                    Judge, Jefferson Circuit Court


DATE: _____

                              130                                          14

| AOC-491.2<br>Rev. 1-92 |  | Case No. **06CR1771** |
|---|---|---|
| Commonwealth of Kentucky<br>Court of Justice | **MOTION TO ENTER GUILTY PLEA<br>PURSUANT TO<br>NORTH CAROLINA V. ALFORD** | Court **CIRCUIT**<br>Division **FIVE** |
| RCr 8.08, 8.10 | | County **JEFFERSON** |

COMMONWEALTH OF KENTUCKY                                                                 PLAINTIFF

V.

**DARRYL  GORDON  GRIGSBY**

DEFENDANT

Comes the Defendant, in person and with aid of counsel, and respectfully moves this Court to allow him to withdraw his former plea of **"NOT GUILTY"** and enter a plea of **"GUILTY"** as set forth below. In support of this motion, the Defendant states as follows:

1.    My full name is *Darryl Gordon Grigsby* . I am the same person named in the indictment.

2.    My judgment is not now impaired by drugs, alcohol, or medication.

3.    I have reviewed a copy of the indictment and told my attorney all the facts known to me concerning my charges. I believe he/she is fully informed about my case.  We have fully discussed and I understand my charges and any possible defenses to them.

4.    I understand that I may plead "NOT GUILTY" to any charge against me, in which event the Constitution would guarantee me the following rights:

(a)    The right not to testify against myself;

(b)    The right to a speedy and public trial by jury at which I would be represented by counsel and the Commonwealth would have to prove my guilt beyond a reasonable doubt;

(c)    The right to confront and cross-examine all witnesses called to testify against me;

(d)    The right to produce any evidence, including attendance of witnesses, in my favor;

(e)    The right to appeal my case to a higher court.

I understand that if I plead "GUILTY," I waive these rights.

5.    I understand that if I plead **"GUILTY,"** the Court may impose any punishment within the range provided by law and that although it may consider the Commonwealth's recommendation, the Court may reject it.  The legal penalty ranges are set forth on the attached "Commonwealth's Offer on a Plea of Guilty" which I have reviewed and signed.

6.    I understand that if the Court rejects the plea agreement, it must so inform me.  If this occurs I may  either persist in my guilty plea and possibly receive harsher treatment than I bargained for or I may withdraw my guilty plea and proceed to trial.  I further understand that the Court may wait until it reviews a pre-sentence report regarding the history of the case and my background before it must inform me if it will accept the plea agreement.

7.    In return for my guilty plea, the Commonwealth has agreed to recommend to the Court the sentence(s) set forth in the attached "Commonwealth's Offer on a Plea of Guilty." Other than that recommendation, no one, including my attorney, has promised me any other benefit in return for my guilty plea nor has anyone forced or threatened me to plead **"GUILTY."**

*173*

15

8.    Pursuant to <u>**North Carolina v. Alford,**</u> 400 U.S. 25 (1970), I wish to plead **"GUILTY"** in reliance on the attached "Commonwealth's Offer on a Plea of Guilty." In so pleading, I do not admit guilt but I believe the evidence against me strongly indicates guilt and my interests are best served by a guilty plea.

9.    I declare my plea of **"GUILTY"** is freely, knowingly, intelligently and voluntarily made, that I have been represented by competent counsel, and that I understand the nature of this proceeding and all matters contained in this document.

Signed in open court in the presence of my attorney this ___5___ day of __October__ , 19 2007

_____
                                    **Defendant**

## CERTIFICATE OF COUNSEL

The undersigned, as attorney of record for the above-named defendant, hereby certifies as follows:

1.    To the best of my knowledge and belief, the defendant understands the allegations contained in the indictment and/or any amendments thereto. I have fully discussed with the defendant the charges and any possible defenses to them and I believe that he/she fully understands the charges and the possible defenses. I have reviewed with the defendant the attached "Commonwealth's Offer on a Plea of Guilty" and the foregoing "Motion to Enter a Plea of Guilty", and I believe he/she understands these documents.

2.    To the best of my knowledge and belief, his/her plea of **"GUILTY"** is made freely, knowingly, intelligently, and voluntarily. I have fully explained the defendant's constitutional rights to him/her and I believe that he/she understands them.

3.    The plea of **"GUILTY"** as offered by the defendant is consistent with my advice to him/her, and I recommend to the Court that his/her plea be accepted.

Signed by me in open court in the presence of the Defendant this ___5___ day of __October__
19 2007

_____
                                    **Attorney for Defendant**

16

| AOC-491.1 | Doc. Code: COPG |  | Case No. | 06CR1771 |
|-----------|-----------------|------|----------|----------|
| Rev. 9-03 Page 1 of 2 | | COMMONWEALTH'S OFFER ON A PLEA OF GUILTY | Court | CIRCUIT FIVE |
| Commonwealth of Kentucky Court of Justice | | | County | JEFFERSON |

COMMONWEALTH OF KENTUCKY                                          PLAINTIFF

VS.

                                                                 DEFENDANT

DARRYL GORDON GRIGSBY

**1.     Charges and Penalties:**

Charge     MURDER (CAPITAL)

Penalty    20 - 50 years, Life w/out parole 20 years, Life w/out parole 25 years, Life without parole, death

Charge     ROBBERY I

Penalty    10 - 20 years

Charge     ARSON III

Penalty    1 - 5 years

Charge     TWPE (2 COUNTS)

Penalty    1 -5 years

Charge     PFO II

Penalty    INDETERMINATE

Charge

Penalty

**2.     Amended Charges (if any):**

Amended Charge     ROBBERY I, ABUSE OF A CORPSE - DISMISSED

Penalty

*174*

17

AOC-491.1  Doc. Code: COPG
Rev. 6-02
Page 2 of 2

Commonwealth v. - 0CR

3.    **Reason(s) for amended charge(s) (if applicable):**

4.    **Facts of the case:** On or about May 6, 2006 in Jefferson County, Ky, the defendant, acting in complicity with an unknown, unindicted co-conspirator did set on fire and shoot Tiphanie Durham in the head, in the 7500 block of St. Anthony Church Road, during the course of events.   Defendant attempted to destroy evidence in that incident in anticipation it would be used as evidence against him in a legal proceeding. On or about May 8, 2006, near the intersection of 38th Street and Grand Ave. the defendant set fire to a 1999 Chevrolet Tahoe which had been use in the commission of said murder ~~and intending~~ to destroy it and its contents in anticipation they would be used as evidence against him in a legal proceeding. ⟨JWDR⟩

5.    **Recommendations of a Plea of Guilty (Plea Agreement):** In exchange for a plea of guilty by the defendant to all of the indicted charges the Commonwealth recommends a sentenc of Life w/out the possibility of parole for 20 years for Murder,  5 years each for Arson III and for TWPE (2 counts) to run concurrent with one another for a total of 5 years, enhanced to 10 years each for Arson III and TWPE (2 counts) all to run concurrent with one another and concurrent with the sentence for the murder charge for a total sentence of Life w/out the possibility of parole for 20 years .  The defendant agrees to waive any right to appeal with this plea agreement.

6.    **Offered this** 5th **day of** October , 2007.

<br>

_____
Commonwealth's Attorney or
Assistant Commonwealth's Attorney

_____
Defendant

_____
Defense Attorney

_____
Prosecuting Witness

_____
Police Officer

_____
Prosecuting Witness

_____
Police Officer

175

18

06-CR-1771

JEFFERSON CIRCUIT COURT
DIVISION FIVE (5)
JUDGE MARY M. SHAW

COMMONWEALTH OF KENTUCKY                                         PLAINTIFF

V.          **PLEA OF GUILTY, JUDGMENT OF CONVICTION
                AND SENTENCE WAIVING PSI**

DARRYL GORDON GRIGSBY                                            DEFENDANT

* * * * * * * * * * * *

Representing the Commonwealth:                    Tom Van De Rostyne

Representing the Defendant:                   Mike Ferrarraccio/Mike Lemke

At a court held:  October 5, 2007

Video Tape No:  30-5-2007-VCR-060 A & B

  The Defendant, having appeared in open Court with his attorneys, by

agreement with the Commonwealth Attorney, withdrew his plea of not guilty and

entered a plea of guilty pursuant to **Alford vs. North Carolina:**

**Murder (Capital)**

**Arson III**

**Tampering With Physical Evidence (2 counts)**

**Persistent Felony Offender II**

and the Court having found the plea to be voluntary, and having accepted the plea;

and,

  The Defendant having knowingly waived a Pre-Sentence Investigation Report,

and the defendant not asking for probation or shock probation; and,

  The court giving due consideration to the nature and circumstances of the

crimes, the court inquired of the defendant whether he had any legal cause to show

202

19

why judgment should not be pronounced, and afforded the defendant and his counsel

the opportunity to make statements in the defendant's behalf, and to present any

information in mitigation of punishment.

The Court finds that:

1) There is a substantial risk that the defendant will commit another crime during any period of probation or conditional discharge.

2) The defendant is in the need of correctional treatment that can be provided most effectively by the defendants commitment to a correctional institute.

3) Probation or conditional discharge would unduly depreciate the seriousness of the defendants crime.

No sufficient cause having been shown why judgment should not be

pronounced, IT IS HEREBY ORDERED AND ADJUDGED by the court that the

defendant is guilty of the offense admitted and is sentenced as follows:

| | |
|---|---|
| **Murder (Capital)** | **Confinement in the penitentiary for Life without the benefit of Probation or parole until he has served a minimum of 20 years of his sentence** |
| **Arson III** | **Five (5) Years** |
| **Tampering With Physical Evidence (2 counts)** | **Five (5) Years On Each Count** |
| **Persistent Felony Offender II** | **Used to Enhanced** |
| **Robbery I** | **Dismissed** |
| **Abuse of a Corpse** | **Dismissed** |

ALL SENTENCES TO RUN CONCURRENTLY WITH ONE ANOTHER FOR A TOTAL SENTENCE OF LIFE WITHOUT THE POSSIBLITY OF PAROLE FOR **TWENTY (20) YEARS TO SERVE.**

The Court **WAIVES** mandatory felony fine of $1000.00; **WAIVES** court

costs of $125.00 and **WAIVES** the recoupment fee for the services of the Office of the

Public Defender.

203

It is further ORDERED AND ADJUDGED that the Defendant be remanded to the Jefferson County Jail, and that the Sheriff of Jefferson County shall deliver the Defendant to the Department of Corrections, at his earliest convenience, at such location within this state as the Department shall designate for the purpose of the Defendant serving the sentence imposed upon him hereunder.

The Defendant shall be entitled to credit for time spent in custody prior to sentencing, said time to be calculated by the Division of Probation and Parole. KRS 532.120.

ENTERED IN COURT
DAVID L. NICHOLSON, CLERK

OCT 0 0 2007

BY_____
DEPUTY CLERK

_____
MARY M. SHAW, JUDGE
JEFFERSON CIRCUIT COURT

cc:    Tom Van De Rostyne
       Mike Ferrarraccio/Mike Lemke
       Probation and Parole
       Department of Corrections
       Warden Assessment Center

204

21

No. 06-CR-001771

~~~~~~ ~~ ~~~~~'~ ~~~
~~~~~~~~ CIRCUIT CT.

2009 FEB -6  A 10: 51

CLERK S

BY_____ P C.

Jefferson Circuit Court
Division Five
Judge Mary Shaw

Commonwealth of Kentucky                                                      Plaintiff

v.              **Motion to Enter Judgment [RCr 11.04(3)]**

Darryl Grigsby                                                               Defendant

### Notice to:   Mr. Thomas Van de Rostyne

Please take notice that on Monday, February 16, 2009, at 10:30 a. m. in the

Courtroom of Division Five, Defendant, by, counsel will present this Motion to Enter

Judgment and will tender a proposed Order.

### Motion

Pursuant to RCr 11.04(3), Defendant, by counsel, moves the Court to direct the

Clerk of this Court enter the final Judgment in this action into the computerized record

(Case History)  of this Court so that  the Judgment will become effective and Mr.

Grigsby can commence his appeal of right.

By Order entered December 8, 2008, this Court granted Defendant the right to

appeal *in forma pauperis* and also appointed counsel. A copy of the Order was sent to

the Office of the Louisville Metro Public Defender. Undersigned counsel was assigned to

prosecute the appeal.

Noting that the written judgment in the case file bears a rubber stamp indicating

entry in October, 2007, counsel was unsure as to whether an appeal could be

212.

22

prosecuted without application to the Supreme Court of Kentucky for belated appeal. However, when counsel examined the Case History, he discovered that the Clerk of this Court has not entered the Judgment. Counsel has a printed-out certified copy of the Case History which he can produce for inspection and which will confirm Counsel's conclusion.

Entry of judgment is a two-stage process in civil and criminal cases. CR 58(1) reads:

> Before a judgment or order may be entered in a trial court it shall be signed by the judge. The clerk, forthwith upon receipt of the signed judgment or order shall note it in the civil docket as provided by CR 79.01. The notation shall constitute the entry of the judgment or order, which shall become effective at the time of such notation;

The RCr 11.04(3) is much shorter:

> The judgment shall be signed by the judge and entered by the clerk.

Obviously, if only one step is taken, (in this case a judge's signature), the judgment is not entered. It is not entered until the second step, entry by the clerk, is taken.

Entry by the clerk involves making a descriptive notation of the paper involved and stating the date upon which the notation was made. [CR 79.01(1); RCr 13.01]. Counsel has carefully examined the Case History of this action and can find no such notations. Thus, the Judgment purporting to be entered and final is not. Because the Judgment has not properly been entered, Defendant cannot commence the appeal of right guaranteed him by Section 115 of the Constitution. [Windsor v. Commonwealth, 250 S. W. 3d 306 (Ky., 2008)].

An individual litigant cannot appeal unless a final judgment has been entered.
[Charles v. Appalachian Regional Health Care, 59 S. W. 3d 466, 467 (Ky. App., 2001);
citing Staton v. Poly Weave Bag Co., Inc., 930 S. W. 2d 397, 398 (Ky., 1996)]. Thus,
Defendant urges the Court to enter the attached Order directing the Clerk of the Court
to enter the Judgment pursuant to RCr 11.04(3) and CR 79.01(1).


J. David Niehaus
Deputy Appellate Defender
Louisville Metro Public Defender
200 Advocacy Plaza
719 West Jefferson Street
Louisville, Kentucky 40202
(502) 574-3800
Appellate Counsel for Defendant


### Certificate of Service

This certifies that on February 6, 2009, a copy of this Motion was served by mail
on Mr. Thomas Van de Rostyne, Counsel of Record for the government, Office of the
Commonwealth's Attorney, 514 W. Liberty Street, Louisville, Ky. 40202.


J. David Niehaus

No. 06-CR-001771

Jefferson Circuit Court
Division Five
Judge Mary Shaw

Commonwealth of Kentucky                                                      Plaintiff

v.                                        **Order**

Darryl Grigsby                                                              Defendant

The Court having considered the Motion filed by Defendant, and the Court being sufficiently advised, it is hereby **Ordered** that the Judgment terminating this prosecution shall be entered into the record this case as soon as practicable after entry of this Order.

_____
Judge, Jefferson Circuit Court

ENTERED IN COURT
DAVID L. NICHOLSON, CLERK

FEB 1 6 2009

Date                                      BY_____
                                          DEPUTY CLERK

215

No. 06-CR-001771

Jefferson Circuit Court
Division Five (5)
Judge Mary Shaw

FILED IN CLERK'S OFF.
JEFFERSON CIRCUIT CT.

2009 MAR -2 A 11: 13

Commonwealth of Kentucky

CLERK 5

Plaintiff

BY_____D.C.

v

**Notice of Appeal**

Darryl Gordon Grigsby

Defendant

Pursuant to Constitution Section 115, RCr 12.04, and *Windsor v. Commonwealth*, 250 S. W. 3d 306 (Ky., 2008), Defendant, Darryl Grigsby, by counsel, hereby appeals to the Supreme Court of Kentucky from the Final Judgment entered on February 26, 2009, which imposes a sentence of life imprisonment without the possibility of parole for twenty years.

The name of the appellee is the Commonwealth of Kentucky. The name of the appellant is Darryl Grigsby.

# ON APPEAL

*filed 03/02/2009*
(AsJ)

# FORMA PAUPERIS

J. David Niehaus
Deputy Appellate Defender
Louisville Metro Public Defender
200 Advocacy Plaza
719 West Jefferson Street
Louisville, Kentucky 40202
(502) 574-3800
Appellate Counsel for Defendant

216

26

**Certificate of Service**

This certifies that a copy of this notice was served by mail on Mr. Thomas Van de Rostyne, Assistant Commonwealth's Attorney, addressed to him at the Office of the Commonwealth's Attorney, 514 W. Liberty Street, Louisville, Ky. 40202 on Monday, March 2, 2009.



J. David Niehaus

217

Commonwealth of Kentucky
Supreme Court
2009 – SC –0001.71 – MR


Darryl Grigsby                                                    Appellant


v.                          Appeal from Jefferson Circuit Court
                                   No. 06-CR-001771


Commonwealth of Kentucky                                          Appellee


**Brief for Appellant , Darryl Grigsby**

Submitted by

J. David Niehaus
Office of the Louisville
Metro Public Defender
200 Advocacy Plaza
719 W. Jefferson Street
Louisville, Ky. 40202
502-574-3800


**Certificate of Service**

I hereby certify that copies of this Brief were delivered to Mr. Thomas Van
de Rostyne, Assistant Commonwealth's Attorney, 514 W. Liberty Street,
Louisville, Ky. 40202, and to Judge Mary Shaw, Jefferson Circuit Court, Division
5, Jefferson County Judicial Center, 700 W. Jefferson Street, Louisville, Kentucky
40202, on May 2-7, 2009. A copy was mailed to Hon. Jack Conway, Attorney
General, Criminal Appeals, 1024 Capital Center Drive, Frankfort, Ky. 40601, on
this same date. The record on appeal has been returned to the Circuit Court
Clerk.


J. David Niehaus

28

## Introduction

This is a criminal case in which Darryl Grigsby appeals from a Final Judgment imposing an agreed upon total sentence of life imprisonment without the possibility of parole for 20 years upon conviction of Murder, Arson, 3d Degree, and Tampering With Physical Evidence. This appeal arises from an "Alford" guilty plea and is limited to sentencing issues.

## Statement Concerning Oral Argument

This appeal concerns two issues: whether waiver of appeal can be an express term of a plea bargain and whether criminal defendants are being given incorrect information about their right to jury sentencing after guilty pleas. As both are issues of first impression, Appellant requests oral argument.

## Note Concerning Citations to Record

The video record of this case consists of one VHS cassette. As required by CR 98, it is cited simply as (VR   ).  The Clerk's record is cited (TR   ). The items in the Appendix are cited (App   ).

i

## Table of Points and Authorities

**Introduction**                                                      i

**Statement Concerning Oral Argument**                                i

**Note Concerning Citations**                                         i

**Statement of the Case**                                             1-2

**Argument**                                                          2-6

> **(1). Appeal is not precluded by law or by Appellant's plea bargain agreement to waive his right of appeal.**

Windsor v. Commonwealth,
    250 S. W. 3d 306 (Ky., 2008)                      2

Section 115, Kentucky Constitution                               2,3,4

City of Florence v. Owen Electric Cooperative, Inc.
    832 S. W. 2d 876 (Ky., 1992)                       4

> **(2). The sentence must be vacated because Section 115 of the Constitution mandates jury sentencing in every criminal case unless the defendant knowingly and voluntarily waives a jury.**

Windsor v. Commonwealth,
    250 S. W. 3d 306 (Ky., 2008)                      4

RCr 8.18                                                         4

Cummings v. Commonwealth,
    226 S. W. 3d 62 (Ky., 2007)                       4

RCr 10.26                                                        4

Williams v. Commonwealth,
    229 S. W. 3d 49 (Ky., 2007)                       4

RCr 9.26                                                         4

RCr 9.84(2)                                                      4,5,6

ii

Chapman v. Commonwealth,
    265 S. W. 3d 156 (Ky., 2007)        5

Section 11, Kentucky Constitution        5

Cornelison v. Commonwealth,
    84 Ky. 583, 1 S. W. 235 (1886)        5

**Conclusion**        **7**

**Appendix**        **follows**    **7**

## Appendix Table of Contents

| Judgment | TR 202 | A-1 |
| AOC 491.1 | TR 174 | A-4 |
| AOC-491.2 | TR 173 | A-6 |

### Statement of the Case

The Indictment in this case charged Appellant, Darryl Grigsby, with murder, robbery and a number of other offenses. It also alleged Second Degree Persistent Felony Offender status. (TR 1-5). The government timely filed a Notice of Aggravating Circumstances stating its intention to prove that Appellant had shot and killed Tiphanie Durham during the course of a robbery. (TR 16-17). However, the prosecution was terminated on October 5, 2007, by the entry of a bargained-for "Alford" plea.

As shown by the AOC 491.1 form found on pages 4 and 5 of the Appendix, the government agreed to dismiss the robbery and abuse of a corpse charges and to recommend a total sentence of life imprisonment without the possibility of parole for a period of 20 years. (TR 175; App 5). Appellant agreed to enter an "Alford" plea to the charges of murder, tampering with evidence and third degree arson. He also agreed to waive his right of appeal. (TR 175; App 5).

At the plea proceeding, the prosecutor stated the agreement for the record. (VR, 10/5/07, 11:19:56).  Judge Shaw secured waiver of Appellant's "Boykin" rights and determined that Appellant was not laboring under the effect of alcohol or drugs. (VR, 10/5/07, 11:21:31-11:22:21). She also secured Appellant's agreement that the facts in Numerical Paragraph 4 of the AOC form (TR 175; App 5) might well be found by the jury. (VR, 10/5/07, 11:22:55-11:24:00). After some further inquiry, the judge accepted the plea as knowing and voluntary. (VR, 10/5/07, 11:24:25).

1

Separate sentencing was waived. (VR, 10/5/07, 1124:30:-11:24:56). The agreed upon sentence was imposed. (VR, 10/5/07, 11:25:59-11:26:21). A final Judgment was drafted and was signed by the judge. (TR 202-204; App 1-3). However, the clerk failed to enter it on the electronic record of the court.

Judge Shaw appointed counsel to represent Appellant by Order entered December 8, 2008. (TR 208). Counsel examined the record and determined that Appellant's time to appeal had not yet begun to run. (TR 212-213). In response to Appellant's Motion to Enter Judgment, Judge Shaw caused electronic entry of the Judgment in the clerk's record on February 26, 2009. (TR 215; 216). This appeal follows.

### Argument

### (1). Appeal is not precluded by law or by Appellant's plea bargain agreement to waive his right of appeal.

The Notice of Appeal filed in this case cited Windsor v. Commonwealth, 250 S. W. 3d 306 (Ky., 2008), in addition to Constitution Section 115, as his legal basis for appeal. (TR 216). Windsor held that the entry of an unconditional guilty plea does not of itself waive the constitutional right of appeal. [p. 307]. The Court listed four issues that could be raised on appeal, even after entry of an unconditional plea: compliance with *Boykin v. Alabama*; subject matter jurisdiction; failure of the Indictment to charge a public offense; and, "sentencing issues." [p. 307].

However, the Court will notice a significant difference between Windsor and this case. In Windsor, waiver of the right to appeal was not part the plea

2

bargain. In this case, waiver of appeal was an express part of the agreement. (TR 175; App 6; VR, 10/5/07, 11:20:00). Appellant maintains that the condition cannot be enforced because Section 115 of the Constitution requires the Court of Justice to entertain appeal "in all cases" except those involving judgments of acquittal and of divorce. Because neither exception is present in this case, the Court must allow the appeal.

The first sentence of Section 115 reads:

> In all cases, civil and criminal, there shall be allowed as a matter of right at least one appeal to another court, except that the Commonwealth may not appeal from a judgment of acquittal in a criminal case other than for the purpose of securing a certification of the law, and the General Assembly may prescribe that there shall be no appeal from that portion of a judgment dissolving a marriage.

The structure of the sentence evinces its purpose. "In all cases, civil and criminal," an appeal must be allowed, "except" the Commonwealth may not appeal from a judgment of acquittal. In divorce cases, the legislature is given authority to deny appellate review to the part of a judgment that dissolves the marriage. The drafters have specified two situations in which appeal cannot be allowed. If the drafters had intended other exceptions, they would have included them in Section 115. Their failure to do so is the clearest possible statement that an appeal shall be allowed in every other kind of case.

The Executive Branch may complain that Appellant should be estopped from appealing because he expressly agreed not to appeal. The answer to this claim is that all contracts in Kentucky are made with the understanding that the

3

laws and the Constitution are part of the agreement. [City of Florence v. Owen Electric Cooperative, Inc., 832 S. W. 2d 876, 882 (Ky., 1992)]. The words of Section 115 are clear and are mandatory. They cannot be avoided by agreement between the Defendant and the Executive Branch of government. Section 115 is a mandate to permit appeal from any person who files a timely notice of appeal and whose case does not fall in the two expressed exceptions. This appeal must be considered on its merits.

### (2). The sentence must be vacated because Section 11 of the Constitution mandates jury sentencing in every criminal case unless the defendant knowingly and voluntarily waives a jury.

As noted above, in Windsor v. Commonwealth, 250 S. W. 3d 306 (Ky., 2008), the Court noted that sentencing errors may be raised on direct appeal, even after entry of a guilty plea. The reason is that sentencing is jurisdictional. [RCr 8.18; Cummings v. Commonwealth, 226 S. W. 3d 62, 66 (Ky., 2007)]. Thus, this issue is properly considered on its merits and is not subject to RCr 10.26.

Appellant's argument is simple. At the guilty plea he was misinformed as to his right to demand jury sentencing. The AOC-491.2 form did not advise that Appellant had the option of jury sentencing. Section 4(b) advised that he was waiving the right to "public trial by jury." Section 5 erroneously advised that by pleading guilty Appellant necessarily had to submit to sentencing by the judge. (TR 173, App 6). Judge Shaw's *Boykin* examination did not clear this matter up. (VR, 10/5/07, 11:21:31-11:22:00). For all the record shows, Appellant was never apprised of his right to demand jury sentencing, even after entry of his guilty

4

plea. A plea entered in ignorance of a fundamental right like this cannot be said to be the kind of knowing and intelligent choice between alternatives required in all plea cases. [Williams v. Commonwealth, 229 S. W. 3d 49, 50-51 (Ky., 2007)].

There is no doubt that a criminal defendant has the right to demand sentencing by a jury in all cases. The right does not arise from RCr 9.26 or RCr 9.84(2) as suggested in Chapman v. Commonwealth, 265 S. W. 3d 156, 177 (Ky., 2007). Rather, it is a fundamental right secured to all persons accused of crime by Section 11 of the Bill of Rights. It cannot be waived unless the matter is canvassed specifically with the accused and waived intentionally.

It is appropriate at this point to note that the standard AOC 491.2 forms in general use misstate the law. RCr 9.84(2) gives the defendant the option of demanding jury sentencing in guilty plea cases "involving offenses punishable by death." The first part of Subsection (2) is somewhat ambiguous. Read one way, the phrase "the court may fix the penalty" appears to leave the issue up to the judge. If the judge decides to impose sentence in non-death eligible cases, that is what will happen. Read another way, the phrase "the court may fix the penalty" leaves the question up to the agreement of the parties and the judge. It simply states an option that the litigants and the judge may employ if they wish.

The ambiguity is resolved by referring to Cornelison v. Commonwealth, 84 Ky. 583, 2 S. W. 235 (1886), which construes the language of Section 11 to make jury sentencing the norm. Necessarily, jury sentencing is something that must be specifically addressed and specifically waived. Cornelison discusses

5

36

guilty pleas, noting that such pleas obviate the need for a jury to determine guilt or innocence. [p. 592; p. 236]. But in addition to explaining that guilty pleas were permissible, Cornelison described the procedure that followed entry of the plea:

> "When the plea of guilty has been entered, the Commonwealth to increase, or the defendant to mitigate the punishment, has the right to introduce testimony to enable the jury to render a true verdict when making inquiry as to the extent of punishment." [p. 592; p. 236].

The reason for jury sentencing was also stated in Cornelison. Under the "State Constitution" the "extent of punishment" is not to be entrusted to "the arbitrary will of the judge." Rather, the jury must "fix the punishment." [p. 597; p. 238].

The right to jury determination of punishment in all criminal cases is constitutional. A fundamental right like this cannot be waived without an express statement from the defendant that he or she understands that the right exists and that it is being foregone voluntarily. In this case, Appellant was advised that the judge would fix the sentence. Very likely this was wrong as a matter of procedural law. [RCr 9.84(2)]. As a matter of Kentucky constitutional law it certainly was false information.  Appellant was not apprised of his sentencing alternatives and the sentence imposed cannot be valid. The Judgment must be vacated and remanded to Circuit Court so that Appellant can state his wishes as to sentencing. He must be given the option to choose jury rather than judge sentencing.

6

## Conclusion

For the reasons set out above, the Judgment must be vacated and this case remanded to the Circuit Court for a hearing. At this hearing, Appellant must be given specific advice that he has the right to demand jury sentencing if he so desires and that he has power to waive that right. If Appellant demands jury sentencing, the Circuit Court must empanel a jury for that purpose, which jury will determine the sentences for Murder, Tampering with Physical Evidence, Arson Third Degree, and Second Degree Persistent Felony Offender Status.


J. David Niehaus
Deputy Appellate Defender
Office of the Louisville Metro
         Public Defender
200 Advocacy Plaza
719 West Jefferson Street
Louisville, KY 40202
(502) 574-3800
Counsel for Appellant

Daniel T. Goyette
Louisville Metro Public Defender
Of Counsel

7

## Appendix Table of Contents

| | | |
|---|---|---|
| Judgment | TR 202 | A-1 |
| AOC 491.1 | TR 174 | A-4 |
| AOC-491.2 | TR 173 | A-6 |

06-CR-1771

JEFFERSON CIRCUIT COURT
DIVISION FIVE (5)
JUDGE MARY M. SHAW

COMMONWEALTH OF KENTUCKY                                    PLAINTIFF

V.          **PLEA OF GUILTY, JUDGMENT OF CONVICTION
            AND SENTENCE WAIVING PSI**

**DARRYL GORDON GRIGSBY**                                   DEFENDANT

<span style="background:black">       </span>

* * * * * * * * * * * *

Representing the Commonwealth:                      Tom Van De Rostyne

Representing the Defendant:              Mike Ferrarraccio/Mike Lemke

At a court held:  October 5, 2007

Video Tape No:  30-5-2007-VCR-060 A & B

        The Defendant, having appeared in open Court with his attorneys, by
agreement with the Commonwealth Attorney, withdrew his plea of not guilty and
entered a plea of guilty pursuant to **Alford vs. North Carolina**:

**Murder (Capital)**

**Arson III**

**Tampering With Physical Evidence (2 counts)**

**Persistent Felony Offender II**

and the Court having found the plea to be voluntary, and having accepted the plea;
and,

        The Defendant having knowingly waived a Pre-Sentence Investigation Report,
and the defendant not asking for probation or shock probation; and,

        The court giving due consideration to the nature and circumstances of the
crimes, the court inquired of the defendant whether he had **Appendix Page 1**

40

why judgment should not be pronounced, and afforded the defendant and his counsel

the opportunity to make statements in the defendant's behalf, and to present any

information in mitigation of punishment.

The Court finds that:

1)   There is a substantial risk that the defendant will commit another crime during any period of probation or conditional discharge.

2)   The defendant is in the need of correctional treatment that can be provided most effectively by the defendants commitment to a correctional institute.

3)   Probation or conditional discharge would unduly depreciate the seriousness of the defendants crime.

No sufficient cause having been shown why judgment should not be

pronounced, IT IS HEREBY ORDERED AND ADJUDGED by the court that the

defendant is guilty of the offense admitted and is sentenced as follows:

| | |
|---|---|
| **Murder (Capital)** | **Confinement in the penitentiary for Life without the benefit of Probation or parole until he has served a minimum of 20 years of his sentence** |
| **Arson III** | **Five (5) Years** |
| **Tampering With Physical Evidence (2 counts)** | **Five (5) Years On Each Count** |
| **Persistent Felony Offender II** | **Used to Enhanced** |
| **Robbery I** | **Dismissed** |
| **Abuse of a Corpse** | **Dismissed** |

ALL SENTENCES TO RUN CONCURRENTLY WITH ONE ANOTHER FOR A TOTAL SENTENCE OF LIFE WITHOUT THE POSSIBLITY OF PAROLE FOR **TWENTY (20) YEARS TO SERVE**.

The Court **WAIVES** mandatory felony fine of $1000.00;  **WAIVES** court

costs of $125.00 and **WAIVES** the recoupment fee for the services of the Office of the

Public Defender.

**Appendix Page 2**

41

It is further ORDERED AND ADJUDGED that the Defendant be remanded to the Jefferson County Jail, and that the Sheriff of Jefferson County shall deliver the Defendant to the Department of Corrections, at his earliest convenience, at such location within this state as the Department shall designate for the purpose of the Defendant serving the sentence imposed upon him hereunder.

The Defendant shall be entitled to credit for time spent in custody prior to sentencing, said time to be calculated by the Division of Probation and Parole.  KRS 532.120.

ENTERED IN COURT
DAVID L. NICHOLSON   CLERK

OCT 0 9 2007

BY_____
DEPUTY CLERK

MARY M. SHAW, JUDGE
JEFFERSON CIRCUIT COURT

cc:     Tom Van De Rostyne
        Mike Ferrarraccio/Mike Lemke
        Probation and Parole
        Department of Corrections
        Warden Assessment Center

**Appendix Page 3**

42

| AOC-491.1<br>Rev. 9-03<br>Page 1 of 2   Doc. Code: COPG | | Case No. | 06CR1771 |
|---|---|---|---|
| Commonwealth of Kentucky<br>Court of Justice | **COMMONWEALTH'S OFFER<br>ON A PLEA OF GUILTY** | Court | CIRCUIT FIVE |
| | | County | JEFFERSON |

COMMONWEALTH OF KENTUCKY                                              PLAINTI

VS.

                                                                     DEFENDAN

DARRYL GORDON GRIGSBY

**1.      Charges and Penalties:**

**Charge**   MURDER (CAPITAL)

**Penalty**   20 - 50 years, Life w/out parole 20 years, Life w/out parole 25 years, Life without parole, death

**Charge**   ROBBERY I

**Penalty**   10 - 20 years

**Charge**   ARSON III

**Penalty**   1 - 5 years

**Charge**   TWPE (2 COUNTS)

**Penalty**   1 -5 years

**Charge**   PFO II

**Penalty**   INDETERMINATE

**Charge**

**Penalty**

**2.      Amended Charges (if any):**

**Amended Charge**   ROBBERY I, ABUSE OF A CORPSE - DISMISSED

**Penalty**

**Appendix Page 4**

43

AOC-491.1  Doc. Code: COPG

Rev. 6-02

Page 2 of 2

Commonwealth v. - 0CR

3.       **Reason(s) for amended charge(s) (if applicable):**

4.       **Facts of the case:** On or about May 6, 2006 in Jefferson County, Ky, the defendant, acting in complicity with unknown, unindicted co-conspirator did set on fire and shoot Tiphanie Durham in the head, in the 7500 block of Anthony Church Road, during the course of events.   Defendant attempted to destroy evidence in that incident anticipation it would be used as evidence against him in a legal proceeding. On or about May 8, 2006, near the intersecti of 38th Street and Grand Ave. the defendant set fire to a 1999 Chevrolet Tahoe which had been use in the commission said murder ~~████████~~ to destroy it and its contents in anticipation they would be used as evidence against him in a le; proceeding.   ✓AUDR

5.       **Recommendations of a Plea of Guilty (Plea Agreement):** In exchange for a plea of guilty by the defendant to of the indicted charges the Commonwealth recommends a sentenc of Life w/out the possibility of parole for 20 years f Murder,  5 years each for Arson III and for TWPE (2 counts) to run concurrent with one another for a total of 5 yea enhanced to 10 years each for Arson III and TWPE (2 counts) all to run concurrent with one another and concurrent wi the sentence for the murder charge for a total sentence of Life w/out the possibility of parole for 20 years . The defenda agrees to waive any right to appeal with this plea agreement.

6.       **Offered this** 5th **day of** October **, 20** 07 **.**

_____
Commonwealth's Attorney or
Assistant Commonwealth's Attorney

Darryl Bryant
_____
Defendant

_____
Defense Attorney

_____
Prosecuting Witness

_____
Police Officer

_____
Prosecuting Witness

_____
Police Officer

**Appendix Page 5**

44

| AOC-491.2<br>Rev. 1-92<br><br>Commonwealth of Kentucky<br>Court of Justice<br><br>RCr 8.08, 8.10 | <br><br>**MOTION TO ENTER GUILTY PLEA**<br>**PURSUANT TO**<br>**NORTH CAROLINA V. ALFORD** | Case No. **06CR1771**<br>Court **CIRCUIT**<br>Division **FIVE**<br>County **JEFFERSON** |
|---|---|---|

COMMONWEALTH OF KENTUCKY                                                    PLAINTIFF

V.

<u>DARRYL GORDON GRIGSBY</u>                                                    DEFENDANT

     Comes the Defendant, in person and with aid of counsel, and respectfully moves this Court to allow him to withdraw his former plea of **"NOT GUILTY"** and enter a plea of **"GUILTY"** as set forth below. In support of this motion, the Defendant states as follows:

    1.   My full name is <u>*Darryl Gordon Grigsby*</u>. I am the same person named in the indictment.

    2.   My judgment is not now impaired by drugs, alcohol, or medication.

    3.   I have reviewed a copy of the indictment and told my attorney all the facts known to me concerning my charges. I believe he/she is fully informed about my case. We have fully discussed and I understand my charges and any possible defenses to them.

    4.   **I understand that I may plead "NOT GUILTY" to any charge against me, in which event the Constitution would guarantee me the following rights:**

    (a)   **The right not to testify against myself;**

    (b)   **The right to a speedy and public trial by jury at which I would be represented by counsel and the Commonwealth would have to prove my guilt beyond a reasonable doubt;**

    (c)   **The right to confront and cross-examine all witnesses called to testify against me;**

    (d)   **The right to produce any evidence, including attendance of witnesses, in my favor;**

    (e)   **The right to appeal my case to a higher court.**

    **I understand that if I plead "GUILTY," I waive these rights.**

    5.   I understand that if I plead **"GUILTY,"** the Court may impose any punishment within the range provided by law and that although it may consider the Commonwealth's recommendation, the Court may reject it. The legal penalty ranges are set forth on the attached "Commonwealth's Offer on a Plea of Guilty" which I have reviewed and signed.

    6.   I understand that if the Court rejects the plea agreement, it must so inform me. If this occurs I may either persist in my guilty plea and possibly receive harsher treatment than I bargained for or I may withdraw my guilty plea and proceed to trial. I further understand that the Court may wait until it reviews a pre-sentence report regarding the history of the case and my background before it must inform me if it will accept the plea agreement.

    7.   In return for my guilty plea, the Commonwealth has agreed to recommend to the Court the sentence(s) set forth in the attached "Commonwealth's Offer on a Plea of Guilty." Other than that recommendation, no one, including myself, has promised me any other benefit in return for my guilty plea nor has anyone forced or threatened me to plead "GUILTY."

**Appendix Page 6**

8.     Pursuant to **North Carolina v. Alford,** 400 U.S. 25 (1970), I wish to plead **"GUILTY"** in reliance on the attached "Commonwealth's Offer on a Plea of Guilty." In so pleading, I do not admit guilt but I believe the evidence against me strongly indicates guilt and my interests are best served by a guilty plea.

9.     I declare my plea of **"GUILTY"** is freely, knowingly, intelligently and voluntarily made, that I have been represented by competent counsel, and that I understand the nature of this proceeding and all matters contained in this document.

Signed in open court in the presence of my attorney this ____5____ day of ___October_____, 19___2007__.

_____
Defendant

## CERTIFICATE OF COUNSEL

The undersigned, as attorney of record for the above-named defendant, hereby certifies as follows:

1.     To the best of my knowledge and belief, the defendant understands the allegations contained in the indictment and/ or any amendments thereto. I have fully discussed with the defendant the charges and any possible defenses to them and I believe that he/she fully understands the charges and the possible defenses. I have reviewed with the defendant the attached "Commonwealth's Offer on a Plea of Guilty" and the foregoing "Motion to Enter a Plea of Guilty", and I believe he/she understands these documents.

2.     To the best of my knowledge and belief, his/her plea of **"GUILTY"** is made freely, knowingly, intelligently, and voluntarily. I have fully explained the defendant's constitutional rights to him/her and I believe that he/she understands them.

3.     The plea of **"GUILTY"** as offered by the defendant is consistent with my advice to him/her, and I recommend to the Court that his/her plea be accepted.

Signed by me in open court in the presence of the Defendant this ____7____ day of ___October_____,
19___2007__

_____
Attorney for Defendant

**Appendix Page 7**

46

# Commonwealth of Kentucky
## Supreme Court
### No. 09-SC-000171-MR

DARRYL GRIGSBY                                                    APPELLANT

Appeal from Jefferson Circuit Court
v.                          Hon. Mary Shaw, Judge
Indictment No. 06-CR-001771

COMMONWEALTH OF KENTUCKY                                          APPELLEE

_____

## Brief for Commonwealth

_____

Submitted by,

**JACK CONWAY**
Attorney General of Kentucky

**MICHAEL L. HARNED**
Assistant Attorney General
Office of Criminal Appeals
Attorney General's Office
1024 Capital Center Drive
Frankfort, Kentucky 40601
(502) 696-5342

## CERTIFICATE OF SERVICE

I certify that the record on appeal has not been checked out from the Clerk of this Court and that a copy of the Brief for Commonwealth has been delivered this 14th day of September, 2009, via U.S. Mail, postage prepaid, to Hon. Mary Shaw, Jefferson Circuit Court, Division 5, Jefferson County Judicial Center, 700 W. Jefferson Street, Louisville, Ky., 40202; Hon. J. David Niehaus, Office of the Louisville, Metro Public Defender, 200 Advocacy Plaza, 719 W. Jefferson Street, Louisville, Ky., 40202; and via electronic mail to Hon. David Stengel, Commonwealth Attorney, 514 W. Liberty Street, Louisville, Ky., 40202.

Michael L. Harned
Assistant Attorney General

47

# **INTRODUCTION**

This is a criminal case in which appellant plead guilty to murder, first-degree robbery, two counts of tampering with physical evidence, third-degree arson, abuse of corpse and for being a persistent felony offender in the second degree.   Despite agreeing to waive his right to an appeal, appellant has now filed the instant appeal from his convictions.

i

## ORAL ARGUMENT STATEMENT

The Commonwealth does not believe that oral argument is necessary in this appeal because the issues are sufficiently addressed in the parties' briefs.

# COUNTERSTATEMENT OF POINTS AND AUTHORITIES

**INTRODUCTION** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . i

**ORAL ARGUMENT STATEMENT** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

**COUNTERSTATEMENT OF POINTS AND AUTHORITIES** . . . . . . . . . . . . . . . . iii

**COUNTERSTATEMENT OF THE CASE** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

       North Carolina v. Alford, . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

       Johnson v. Commonwealth,
       120 S.W.3d 704 (Ky. 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

       CR 76.12(2)(b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

**ARGUMENT** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

    **I.**     **APPELLANT WAIVED HIS RIGHT TO AN APPEAL** . . . . . . . . . . . . . . . 3

       United States v. Olano,
       507 U.S. 725, 733, 113 S.Ct. 1770, 123 L.Ed2d 508 (1993) . . . . . . . . . . . . . . . 3

       Johnson v. Zerbst,
       304 U.S. 458, 464, 58 S.Ct. 1019, 1023, 82 L.Ed. 2d 1461 (1938) . . . . . . . . . . . 3

       United States v. Ter-Essayan,
       570 F.3d 46 (1st Cir. 2009) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

       United States v. Salcido-Contreras,
       990 F.2d 51 (2d Cir. 1993) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

       United States v. Khattak,
       273 F.3d 557 (3rd Cir. 2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

       United States v. Wiggins,
       905 F.2d 51 (4th Cir. 1990) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

       United States v. Baymon,
       312 F.3d 725 (5th Cir. 2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

United States v. Ross,
245 F.3d 577, 582 (6th Cir. 2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

United States Cole,
569 F.3d 774 (7th Cir. 2009) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

United States v. Cheney,
571 F.3d 764 (8th Cir. 2009) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

United States v. Hahn,
359 F.3d 1315 (10th Cir. 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

United States v. Bushert,
997 F.2d 1343 (11th Cir. 1993) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

United States v. Guillen,
561 F.3d 527 (D.C. Cir. 2009) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

Johnson v. Commonwealth,
120 S.W.3d (Ky. 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

Chapman v. Commonwealth,
265 S.W.3d 156, 522 at FN 64 (Ky. 2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

28 Am Jur. 2d Estoppel and Waiver Sec. 213 (2007) . . . . . . . . . . . . . . . . . . . . . . . 5

Parsons v. Commonwealth,
144 S.W.3d 775, 783 (Ky. 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

Weatherford v. Commonwealth,
703 S.W.2d 882 (Ky. 1986) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

Windsor v. Commonwealth,
250 S.W.3d 306 (Ky. 2008) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

Blackledge v. Allison,
431 U.S. 63, 71, 97 S.Ct. 1621, 1627, 52 L.Ed. 2d 136 (1977) . . . . . . . . . . . . . . . 7

Kozak v. Commonwealth,
279 S.W.3d 129, 134 at FN 18 (Ky. 2008) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Stone v. Commonwealth,
217 S.W.3d 233, 238 (Ky. 2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

II.    THE MERITS OF APPELLANT'S ARGUMENT SHOULD NOT BE ADDRESSED.  IN ANY EVENT, APPELLANT DID NOT DESIRE JURY SENTENCING IN THIS CASE. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

CONCLUSION  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

v

## COUNTERSTATEMENT OF THE CASE

Appellant was indicted by a Jefferson County Grand Jury for murder, first-degree robbery, two counts of tampering with physical evidence, third-degree arson, abuse of corpse and for being a persistent felony offender in the second degree. (Transcript of Record, hereinafter referred to as "TR" I 3-5.) The Commonwealth served notice that it would be trying the murder as a capital offense.  (TR I 16-17.)

Appellant entered a plea of not guilty to the charges. (VR: 6/30/06, 14:18:43.)  However, pursuant to a recommendation by the Commonwealth, appellant requested that he be allowed to withdraw his not guilty plea and enter a plea of guilty pursuant to North Carolina v. Alford.  (TR II 173-175.)

In return for appellant's guilty plea, the Commonwealth agreed to recommend a sentence of life without the possibility of parole for 20 years on the murder count and five years each on the arson and tampering with physical evidence counts.  The arson and tampering with physical evidence sentences were to be enhanced to ten years each by virtue of appellant's status as a persistent felony offender in the second degree. The Commonwealth agreed that all the sentences would run concurrent for a total sentence of life without the possibility of parole for 20 years. The first-degree robbery and abuse of a corpse charges were dismissed.  (TR II 175; VR: 10/5/07, 11:20:33.)

As his part of the plea agreement, appellant agreed to waive any right to an appeal. (VR: 10/5/07, 11:20:33.)  Appellant's waiver was included in the Motion to Enter Guilty Plea.  ("The defendant agrees to waive any right to appeal with this plea agreement.")  The motion was signed by both appellant and his attorney.  (TR II 175.)

The trial court conducted a hearing on appellant's motion to enter a guilty

plea.  (VR: 10/5/07, 11:21:06.)  Appellant was placed under oath and reaffirmed that it was his desire to plead guilty pursuant to the plea agreement reached with the Commonwealth.  (Id.)  The trial court explained to appellant that he would be waiving certain constitutional rights by pleading guilty.  The court specifically reiterated that appellant had a right to appeal to a higher court had he been convicted and that by pleading guilty he would be giving up that right.  In response to the trial court's inquiry, appellant specifically stated that he understood he would be giving up his right to an appeal.  (TR II 175; VR: 10/5/07, 11:21:52.)  Appellant affirmed that his attorneys had gone over the plea agreement with him and that the plea was consistent with their advice.  (TR II 175; VR: 10/5/07, 11:25:17.)

The trial court found that appellant's guilty plea was knowing and voluntary.  (VR: 10/5/07, 11:25:17.)  As such, the trial court accepted appellant's plea and sentenced him in accordance with the terms of the plea agreement.  (VR: 10/5/07, 11:25:58.)

Despite having waived his right to an appeal, appellant filed the instant appeal from his convictions.  Citing Johnson v. Commonwealth, 120 S.W.3d 704 (Ky. 2003), the Commonwealth moved to dismiss appellant's appeal.  In an order entered August 26, 2009, this Court passed the Commonwealth's motion "to the consideration of the merits of the appeal."  Pursuant to CR 76.12(2)(b), the Commonwealth files its responsive brief.

2

# ARGUMENT

## I.

### APPELLANT WAIVED HIS RIGHT TO AN APPEAL.

Appellant has filed the instant appeal despite having entered into a plea agreement in which he secured the benefit of avoiding the possibility of the death penalty and having the first-degree robbery and abuse of corpse charges dismissed in return for waiving his right of appeal. Appellant now asserts the waiver of his right to an appeal "cannot be enforced because Section 115 of the [Kentucky] Constitution requires the Court of Justice to entertain appeal 'in all cases' except those involving judgments of acquittal and of divorce." (Appellant's brief page 3.) For the following reasons appellant's argument lacks merit and appellant's appeal should be dismissed.

A waiver is defined as the intentional relinquishment or abandonment of a known right. United States v. Olano, 507 U.S. 725, 733, 113 S.Ct. 1770, 123 L.Ed2d 508 (1993) (quoting Johnson v. Zerbst, 304 U.S. 458, 464, 58 S.Ct. 1019, 1023, 82 L.Ed. 2d 1461 (1938). The circumstances surrounding appellant's plea illustrate that appellant knowingly and voluntarily agreed to waive his right to an appeal. Appellant signed a motion to enter a guilty plea form that included a waiver of his right to appeal. ("The defendant agrees to waive any right to appeal with this plea agreement.") The motion was signed by both appellant and his attorney. (TR II 175.) At the hearing on appellant motion, the trial court reiterated that appellant had a right to appeal to a higher court had be been convicted and that by pleading guilty he would be giving up that right. Appellant specifically stated that he understood he would be giving up his right to an appeal. (TR II

3

175; VR: 10/5/07, 11:21:52.)  In fact in the instant appeal appellant does not allege that his guilty plea was made voluntary and knowingly.  Rather he simply maintains that the waiver of his right to an appeal is unenforceable.[1]

Every federal circuit has held that a defendant can waive his right to an appeal.  United States v. Ter-Essayan, 570 F.3d 46 (1st Cir. 2009); United States v. Salcido-Contreras, 990 F.2d 51 (2d Cir. 1993) ("In no circumstance, however, may a defendant, who has secured the benefits of a plea agreement and knowingly and voluntarily waived the right to appeal a certain sentence, then appeal the merits of a sentence conforming to the agreement.  Such a remedy would render the plea bargaining process and the resulting agreement meaningless."); United States v. Khattak, 273 F.3d 557 (3rd Cir. 2001) ("[w]e do not believe the waiver of appellate rights in criminal cases contravenes public policy."); United States v. Wiggins, 905 F.2d 51 (4th Cir. 1990); United States v. Baymon, 312 F.3d 725 (5th Cir. 2002); United States v. Ross, 245 F.3d 577, 582 (6th Cir. 2001); United States Cole, 569 F.3d 774 (7th Cir. 2009); United States v. Cheney, 571 F.3d 764 (8th Cir. 2009); United States v. Hahn, 359 F.3d 1315 (10th Cir. 2004); United States v. Bushert, 997 F.2d 1343 (11th Cir. 1993); United States v. Guillen, 561 F.3d 527 (D.C. Cir. 2009).

Appellant will correctly note that the federal constitution does not afford a right of appeal from a decision of the federal courts but rather is purely a creature of statute.  See: 28 U.S.C. Sec. 1291.  As such appellant will contend that the federal decisions are not

---

[1] A defendant can waive his right to an appeal simply by not filing an appeal.  If appellant's argument that a defendant cannot waive his right to an appeal is taken to its logical conclusion , then every criminal defendant would be **required** to file an appeal.

4

controlling on the question of whether or not the right to an appeal contained in the Kentucky Constitution may be waived.  However, in <u>Johnson v. Commonwealth</u>, 120 S.W.3d (Ky. 2003), this Court followed the lead of the federal courts and held:

> We see no reason to depart from the reasoning of the federal cases and thus believe that the right to an appeal may indeed be waived and was so waived here.

120 S.W.3d at 706.  As such, this Court dismissed Johnson's appeal.  The same result should occur in the instant case.

In his response to the Commonwealth's initial motion to dismiss the instant appeal, appellant attempted to diminish this Court's holding in <u>Johnson</u> by questioning whether or not the issue was raised in <u>Johnson</u> via the Kentucky Constitution or if the holding was based solely on federal precedent.  However, the Court specifically noted in <u>Johnson</u> that the issue was whether or not the right to appeal guaranteed by the Kentucky Constitution can be waived.  120 S.W.3d at 706.  Thus, appellant's attempt to distinguish <u>Johnson</u> is of no moment.   <u>See also</u>: <u>Chapman v. Commonwealth</u>, 265 S.W.3d 156, 522 at FN 64 (Ky. 2007) where this Court noted, "As a general proposition, rights guaranteed **by the state or federal constitutions** may be waived," quoting 28 Am Jur. 2d Estoppel and Waiver Sec. 213 (2007). (Emphasis added.); and <u>Parsons v. Commonwealth</u>, 144 S.W.3d 775, 783 (Ky. 2004) where the Court recognized generally that "even 'the most basic rights of criminal defendants are subject to waiver.'"

Similarly, in <u>Weatherford v.Commonwealth</u>, 703 S.W.2d 882 (Ky. 1986), this Court upheld the dismissal of Weatherford's appeal due to the fact that Weatherford waived his right to appeal as part of a plea agreement.  Prior to the penalty phase,

5

Weatherford entered into a plea bargain agreement where he plead guilty to PFO second-degree in exchange for the Commonwealth's agreement to reduce the PFO charge and penalty.  As part of the agreement, Weatherford waived his right to appeal his conviction on the underlying charge.  However, after final judgment was entered, Weatherford file a notice of appeal.  The Court of Appeals granted the Commonwealth's motion to dismiss the appeal "on the ground that Weatherford waived his right to appeal."  703 S.W.3d at 882.  After reviewing the record and the transcript of the proceedings, this Court concluded "that the plea bargain in question was properly administered" and affirmed the dismissal of Weatherford's appeal.  Again, the same result should occur in the instant case.

In support of his argument, appellant cites Windsor v. Commonwealth, 250 S.W.3d 306 (Ky. 2008).  However, Windsor offers appellant no solace.  Windsor stands for the proposition that a limited number of issues may be raised on an appeal from a guilty plea: competency to plead guilty; whether the plea complied with the requirements of Boykin v. Alabama; subject matter jurisdiction; failure to charge a public offense and sentencing issues. 250 S.W.3d at 307.  None of these exceptions are present in the instant case.  Further, as admitted by appellant in his brief:

> the Court will notice a significant difference between Windsor and this case.  In Windsor, waiver of the right to appeal was part [of] the plea bargain.  **In this case, waiver of appeal was an express part of the agreement.**

(Appellant's brief page 2-3; emphasis added.)

Finally, appellant's argument ignores the public policy considerations

6

behind plea agreements. The United States Supreme Court has recognized that guilty

pleas brought about by plea agreements are "important components of this country's

criminal justice system." Blackledge v. Allison, 431 U.S. 63, 71, 97 S.Ct. 1621, 1627, 52

L.Ed. 2d 136 (1977). In Kozak v. Commonwealth, 279 S.W.3d 129, 134 at FN 18 (Ky.

2008), this Court quoted this passage from Blackledge and noted that this "sentiment

regarding the importance of plea bargaining is universal." See also: Stone v.

Commonwealth, 217 S.W.3d 233, 238 (Ky. 2007) where this Court opined that "It is

indeed rare for any criminal prosecution not to involve some sort of plea-bargaining along

the way."

In this vein, "waivers of appeals may assist defendants in making

favorable plea bargains." Khattak, 273 F.3d at 562. In Gullien, 561 F.3d at 530, the D.C.

Circuit noted:

> Allowing a defendant to waive the right to appeal his
> sentence also gives him an additional bargaining chip to use
> in negotiating a plea agreement with the Government.
> [citation omitted.] For example, the prosecutor might be
> willing to dismiss a count in exchange for the defendant's
> waiver of his right to appeal his sentence. Indeed, in certain
> circumstances an agreement may not be possible if the
> defendant may not waive his right to appeal. Allowing the
> defendant to waive this right therefore improves the
> defendant's bargaining position and increases the
> probability he will reach a satisfactory plea agreement with
> the Government.

This is precisely what occurred in the instant case. Appellant was indicted for murder,

first-degree robbery, two counts of tampering with physical evidence, third-degree arson,

abuse of corpse and for being a persistent felony offender in the second degree. (TR I 3-

7

5.)  The Commonwealth served notice that it would be trying the murder as a capital offense.  (TR I 16-17.)

In return for appellant's guilty plea, the Commonwealth agreed to recommend a sentence of life without the possibility of parole for 20 years on the murder count and five years each on the arson and tampering with physical evidence counts.  The arson and tampering with physical evidence sentences were to be enhanced to ten years each by virtue of appellant's status as a persistent felony offender in the second degree.  The Commonwealth agreed that all the sentences would run concurrent for a total sentence of life without the possibility of parole for 20 years. The first-degree robbery and abuse of a corpse charges were dismissed.  (TR II 175; VR: 10/5/07, 11:20:33.)

Thus, by virtue of appellant's guilty plea, appellant avoided the possibility of the death penalty and had two felony charges dismissed outright.  As such, appellant gained a material advantage by entering into the plea agreement in which he waived his right of appeal.  Without this waiver being part of the bargain, the Commonwealth might not have been as willing to enter into such an advantageous deal for appellant.  In Khattak, supra., the Third Circuit noted that "the benefit of avoiding a lengthy, costly appeal is 'very real,' and that 'in some cases, the government, without such a waiver, might not be willing to plea-bargain at all.'" 273 F.3d at 562.

If appellant is successful with his appeal, the parties will return to the status quo as it existed before the plea bargain.  Appellant will once again be facing the possibility of the death penalty and will again have the first-degree robbery and abuse of corpse counts among his charges.  Nothing guarantees that the Commonwealth would be

8

amenable to a plea bargain this second time around.  Appellant could well be looking at a

jury trial in which the death penalty could be meted out.  Thus, any relief appellant might

achieve the instant appeal could well result in a much harsher penalty down the road.

## II.

**THE MERITS OF APPELLANT'S ARGUMENT
SHOULD NOT BE ADDRESSED.  IN ANY EVENT,
APPELLANT DID NOT DESIRE JURY
SENTENCING IN THIS CASE.**

Appellant next maintains he was "misinformed as to his right to demand

jury sentencing." (Appellant's brief page 4.)  Specifically, appellant argues that he had

the right to demand jury sentencing even after entry of a guilty plea and that this right was

never waived.  As set forth in Argument I, this appeal is procedurally improper and as

such, this Court should not address the substance of any issue raised therein.  However,

should this Court choose to ignore the impropriety of the appeal, appellant's argument

lacks merit.

Simply put, the premise of appellant's argument is flawed.  Appellant has

never asked for jury sentencing in this case nor did he object to the trial judge sentencing

him.  In fact, as noted above, appellant affirmatively avoided jury sentencing by entering

into a plea agreement which contained a sentence recommendation.  Avoiding a jury's

consideration of meting out the death penalty was the desired benefit of appellant entering

into the plea agreement with the Commonwealth.  Appellant's argument on appeal that he

could not waive jury sentencing is inconsistent with his actions at the trial level - - and

inconsistent with his strategy.  As with the first argument, if appellant's argument is

9

successful he will be standing before a jury which has the possibility of meting out a

death sentence.  Appellant did not desire this scenario and, as such, his argument on

appeal should be summarily rejected.

## **CONCLUSION**

For the above-stated reasons, appellant's appeal must be dismissed.


Respectfully submitted,

**JACK CONWAY**
Attorney General of Kentucky

*Michael L. Harned*

**MICHAEL L. HARNED**
Assistant Attorney General
Office of Criminal Appeals
Attorney General's Office
1024 Capital Center Drive
Frankfort, Kentucky 40601-8204
(502)696-5342

Counsel for Commonwealth

10

Commonwealth of Kentucky
Supreme Court
2009 – SC –000171 – MR


Darryl Grigsby                                                                 Appellant


v.                       Appeal from Jefferson Circuit Court
                                 No. 06-CR-001771


Commonwealth of Kentucky                                                       Appellee


### Reply Brief for Appellant , Darryl Grigsby

Submitted by

J. David Niehaus
Office of the Louisville
Metro Public Defender
200 Advocacy Plaza
719 W. Jefferson Street
Louisville, Ky. 40202
502-574-3800


### Certificate of Service

I hereby certify that copies of this Brief were delivered to Mr. Thomas Van
de Rostyne, Assistant Commonwealth's Attorney, 514 W. Liberty Street,
Louisville, Ky. 40202, and to Judge Mary Shaw, Jefferson Circuit Court, Division
5, Jefferson County Judicial Center, 700 W. Jefferson Street, Louisville, Kentucky
40202, on September 28 , 2009. A copy was mailed to Mr. Michael L. Harned,
Assistant Attorney General, Criminal Appeals, 1024 Capital Center Drive,
Frankfort, Ky. 40601, on this same date. The record on appeal was not
withdrawn by Appellant.

J. David Niehaus

## Introduction

In strict reply, Appellant wishes to make two points. The first is that all of the policy arguments found on pages 3-9 of the Appellee's Brief are irrelevant in a case dealing with the Kentucky Constitution. The second is to make certain that Appellant's request is not misunderstood. Appellant does not address the validity of the guilty plea as to the charges. He is only concerned with the sentencing process. This is stated in the Conclusion to the Appellant's Brief. But in light of the government's comments on pages 8-9 and 9-10 of the Appellee's Brief, it is important to restore the proper focus of this appeal.

**(1).  In state constitutional cases, the courts are rarely, if ever, permitted to consider the policy of a situation. In almost all cases, the courts simply examine the state constitution to see if the complained-of action violates some specific provision of the constitution.**

The only question before the Court is whether or not the plain language of Section 115 of the Constitution authorizes dismissal of an appeal because of a specific agreement not to appeal. The answer turns in large part on how Section 115 is characterized. If it is not a right personal to a litigant, it cannot be waived by the litigant. If it is a direction to this Court, the Court cannot refuse to obey the mandate.

In <u>Varney v. Justice</u>, 86 Ky. 596, 601,  6 S. W. 457, 459 (1888), this Court's predecessor discussed the types of provisions in the Kentucky Constitution. The court held that

> "[w]henever the language used is prohibitory it was
> intended to be a positive and unequivocal negation.
> Wherever the language contains a grant of power, it was

1

intended as a mandate. Wherever the language gives a direction as to the manner of exercising a power, it was intended that the power should be exercised in the manner directed and in no other manner."

Section 115 falls under the last principle. In unambiguous terms, Section 115 directs that a timely commenced and properly prosecuted appeal "shall be allowed." This Court has appellate jurisdiction under Constitution Section 110(2). It is instructed by Section 115 as to how that jurisdiction is to be exercised. The Court must exercise its jurisdiction in one way only – if an appeal is timely filed and prosecuted in accordance with the rules of court, the Court must allow it. The appeal cannot be dismissed because of an agreement of the parties. Section 115 does not allow for that circumstance.

General questions of whether plea bargaining is a good idea or whether a particular kind of bargain should be upheld are irrelevant under the Constitution. This Court has only to read Section 115 according to its plain language, [Fletcher v. Commonwealth, 163 S. W. 3d 852, 863 (Ky., 2005)], and to acknowledge its unambiguous duty to entertain any procedurally correct appeal.

**(2). The underlying plea of guilty is not at issue in this appeal.**

At two points, the Commonwealth maintains that if this appeal succeeds, the parties will return to the *status quo ante*, that is, as if the plea had never been entered. [Appellee's Brief, p. 8; 10]. Appellant respectfully disagrees. Windsor v Commonwealth, 250 S. W. 3d 306 (Ky., 2008), does not require or authorize this result.

2

The parties agree that <u>Windsor</u> limits appeal from an unconditional guilty plea. [Appellant's Brief, p. 2; Appellee's brief, p. 6]. The parties agree that the available issues are: subject matter jurisdiction; failure to charge a public offense; improper sentencing; and adequacy of the plea colloquy to demonstrate the defendant's knowledge of rights and volition in entering a plea of guilty.

In this appeal, the only issue is the right to ask for jury sentencing even in a guilty plea case. Appellant has not claimed that his plea to the offenses was made in ignorance of the law and facts relating to guilt. He is only saying that as to a sentencing issue the proceedings in the circuit court were improper. The remedy for the sentencing error is a new sentencing on the charges to which he entered a plea of guilt. That is Appellant's request in this appeal.


J. David Niehaus
Deputy Appellate Defender
Office of the Louisville Metro
        Public Defender
200 Advocacy Plaza
719 West Jefferson Street
Louisville, KY 40202
(502) 574-3800
Counsel for Appellant

Daniel T. Goyette
Louisville Metro Public Defender
Of Counsel

3

RENDERED:  JANUARY 21, 2010
TO BE PUBLISHED

# Supreme Court of Kentucky

2009-SC-000171-MR

2/11/10 *Kelly Klaber* D.C

DARRYL GORDON GRIGSBY                         APPELLANT

ON APPEAL FROM JEFFERSON CIRCUIT COURT
V.               HONORABLE MARY M. SHAW, JUDGE
NO. 06-CR-001771

COMMONWEALTH OF KENTUCKY            APPELLEE

## OPINION OF THE COURT BY JUSTICE NOBLE

### AFFIRMING

Appellant, Darryl Grigsby, entered an *Alford* plea to murder, two counts of tampering with physical evidence, and third-degree arson.  The trial court sentenced Appellant, in accordance with the Commonwealth's recommendation, to life in prison without the possibility of parole for twenty years.  On appeal, Appellant argues that he was not properly informed of his rights when he pleaded guilty, and thus his plea must be vacated.  For the reasons set forth below, his conviction and sentence are affirmed.

## I. Background

A Jefferson County grand jury indicted Appellant, Darryl Grigsby, for murder, first-degree robbery, third-degree arson, two counts of tampering with physical evidence, abuse of a corpse, and for being a second-degree persistent

felony offender. The Commonwealth served notice that it would seek the death penalty for the murder charge.

Prior to trial, Appellant pleaded guilty, pursuant to *North Carolina v. Alford*, 400 U.S. 25 (1970), to murder, two counts of tampering with physical evidence, and third-degree arson. In exchange for this guilty plea, the Commonwealth dismissed the first-degree robbery and abuse of corpse charges and recommended a total sentence of life in prison without the possibility of parole for twenty years.[1] The trial court accepted Appellant's plea and sentenced him in accordance with the recommendation.

In the plea agreement, Appellant waived several rights, including his right to appeal. Nevertheless, he appeals to this Court, arguing that his plea must be vacated because he was not informed of his right to enter a blind plea and demand jury sentencing, in lieu of having the court fix his sentence in accordance with his signed plea agreement. This, Appellant argues, is a "sentencing issue," which survives his waiver of the right to appeal under *Windsor v. Commonwealth*, 250 S.W.3d 306 (Ky. 2008).

---

[1] The recommendation for the murder charge was life in prison without the possibility of parole for twenty years. The recommendation for third-degree arson and tampering with physical evidence charges was five years each, to be enhanced by the second-degree persistent felony offender charge to ten years each. All sentences were to run concurrently, for a total sentence of life in prison without the possibility of parole for twenty years. Although life without the possibility of parole for twenty years is not enumerated by the capital offense sentencing statute, KRS 532.030(1), it accurately reflects the effect of the violent offender parole statute, KRS 439.3401(2), on the life sentence in this case. That statute states that a violent offender convicted of a capital offense and sentenced to life cannot be paroled without first serving twenty years. Thus, this Court notes that the sentence Appellant received for capital murder is proper under KRS 532.030(1), when read in light of KRS 439.3401(2).

2

In response, the Commonwealth argues that this Court cannot reach the merits of this appeal due to Appellant's express waiver of his right to appeal. Alternatively, the Commonwealth asserts that his appeal is without merit and so his sentence should be affirmed.

## II. Analysis

### A. Waiver of the Right to Appeal

This Court must first decide whether this appeal can properly be considered, given Appellant's waiver. A waiver of the right to appeal in a guilty plea does not extinguish all appealable issues. *Id.* at 307 (citing *Roe v. Flores-Ortega,* 528 U.S. 470, 480 (2000)). Rather, some issues "survive an express waiver of the right to appeal." *Id.* These issues include "competency to plead guilty; whether the plea complied with the requirements of *Boykin v. Alabama,* 395 U.S. 238, 244 (1969); subject matter jurisdiction and failure to charge a public offense; and sentencing issues." *Id.* (some citations omitted).

Appellant asserts that his appeal is preserved, despite his waiver, because it is a sentencing issue under *Windsor.* However, the error he alleges is not the sort of sentencing issue to which that case refers.

In *Windsor,* this Court cited two cases for the proposition that "sentencing issues" were preserved for appeal notwithstanding a valid waiver. The first case was *Ware v. Commonwealth,* 34 S.W.3d 383, 385 (Ky. App. 2000), where the appellant argued that the trial court erred in concluding that a statute barred her from receiving probation. The Court of Appeals held that, because appeals are preserved if an appellant "asserts that the trial court acted

3

without authority in rendering a sentence," it could reach the issue of whether the trial court's ruling that probation was unavailable was without statutory authority, despite the appellant's waiver. *Id.* (citing *Gaither v. Commonwealth*, 963 S.W.2d 621, 622 (Ky. 1998)).

The second case *Windsor* cited was *Hughes v. Commonwealth*, 875 S.W.2d 99, 100 (Ky. 1994). In *Hughes*, the appellant argued that the trial court erred in concluding that a statute barred its consideration of his request for probation with an alternative sentencing plan. This Court held that it could reach the sentencing issue, despite the appellant's waiver, because "all defendants have the right to be sentenced after due consideration of all applicable law." *Id.* (citing *Wellman v. Commonwealth*, 694 S.W.2d 696, 698 (Ky. 1985)).

The cases cited in *Windsor* make clear that the phrase "sentencing issues" does not refer to any issue that arguably affected the ultimate sentence imposed. Instead, it refers to a claim that a sentencing decision is contrary to statute, as in *Ware*, or was made without fully considering what sentencing options were allowed by statute, as in *Hughes*. Such sentencing issues are "jurisdictional," *Cummings v. Commonwealth*, 226 S.W.3d 62, 66 (Ky. 2007), and thus they may be raised on appeal even from an unconditional guilty plea. This is not to say, of course, that such claims will succeed on their merits; but they may at least be raised before an appellate court and considered on their merits, notwithstanding a waiver of the right to appeal.

4

In light of these cases, Appellant's argument that he is appealing a sentencing issue under *Windsor* is mistaken.  Appellant is not arguing that his sentence was contrary to, or exceeded that allowed by, statute.  In fact, the trial court sentenced Appellant to life without the possibility of parole for twenty years for various crimes, including murder, for which Appellant could have received life without any possibility of parole, KRS 532.030(1), a harsher sentence.  Nor is Appellant arguing that the trial court failed to fully consider the possible sentences it could have imposed on him.  Consequently, the issue Appellant raises does not constitute a "sentencing issue" that survives his waiver.

Instead, the substance of Appellant's argument is that his plea did not comply with *Boykin*, which, like sentencing issues, would survive his waiver. *Windsor*, 694 S.W.2d at 698.  He assigns as error the trial court's failure to inform him of his right to enter a blind plea and demand jury sentencing. Although Appellant characterizes this as a sentencing issue, the core of his claim is that without knowledge of this right, his plea could not have been made knowingly and voluntarily, which is what *Boykin* requires.  *Boykin*, 395 U.S. at 243 n.5; *see also Johnson v. Commonwealth*, 103 S.W.3d 687, 690–91 (Ky. 2003).  Given that *Boykin* challenges survive a waiver of the right to appeal, this Court can reach the merits of this challenge, now that it is properly framed.  *Windsor*, 694 S.W.2d at 698.

## B. Merits of *Boykin* Challenge

In addressing the merits of Appellant's *Boykin* challenge, this Court concludes that his plea was made knowingly and voluntarily, and thus his sentence is affirmed. First, the plea agreement shows that Appellant was informed of, and understood, his constitutional rights. Appellant (and his attorney) signed the plea, which states in pertinent part:·

> 4. I understand that I may plead "NOT GUILTY" to any charge against me, in which event the Constitution would guarantee me the following rights:
>
> (a) The right not to testify against myself;
>
> (b) The right to a speedy and public trial by jury at which I would be represented by counsel and the Commonwealth would have to prove my guilt beyond a reasonable doubt;
>
> (c) The right to confront and cross-examine all witnesses called to testify against me;
>
> (d) The right to produce any evidence, including attendance of witnesses, in my favor;
>
> (e) The right to appeal my case to a higher court.
>
> I understand that if I plead "GUILTY," I waive these rights.

Additionally, this signed plea stated that Appellant discussed with his attorney and understood the charges against him, the possible defenses to them, the penalties he faced, and that the Commonwealth was recommending a sentence in exchange for his plea. Appellant and his attorney also signed the Commonwealth's Offer on A Plea of Guilty, which listed the possible penalties Appellant faced, as well as the Commonwealth's sentence recommendation.

Second, the trial court confirmed that Appellant understood the rights he was waiving at the plea hearing. The trial court told Appellant:

6

> You would have had the right to a jury trial on these charges. But
> you're giving up that right by pleading guilty here today. . . . You
> would have had the right to call witnesses on your own behalf, you
> would have had the right to cross-examine any witnesses the
> Commonwealth would have put on at the trial, but you're giving up
> that right by pleading guilty. . . . You would have had the right to
> remain silent. They couldn't have compelled you to testify against
> yourself at the trial. But you're giving up that right. . . . You're
> giving up the right to appeal. If you, um, had been convicted at
> trial, you would have had the right to appeal this to a higher court.
> But you're giving up your appeal right.

Appellant responded that he understood his rights. Moreover, at the end of the

plea hearing, the trial court confirmed that Appellant understood the ultimate

consequences of his plea. The trial court asked Appellant:

> With the rights we've gone over that you're waiving and the
> recommendation, everything to run together, so concurrent, so the,
> uh, total sentence would be life without the possibility of parole for
> twenty years. With that understanding, the rights we've gone over,
> is it still your desire to plead guilty?

Appellant responded: "Yeah."

Third, at the plea hearing, the trial court confirmed that Appellant was

comfortable with his attorneys' advice and that his attorneys were comfortable

with his plea. The trial court asked Appellant if he had an opportunity to

discuss his plea with his attorneys, whether he was satisfied with their advice,

and whether their advice was consistent with his plea. Appellant answered

affirmatively. The trial court also held up the signed plea, asked Appellant if

his attorneys had gone over it with him, and if the signature on the plea was

his. Appellant answered affirmatively to this as well.

Appellant alleges only one deficiency in his plea that could render it

unknowing: that he was not informed of his right to enter a blind plea and have

7

the jury sentence him, instead of having the court sentence him according to his signed plea agreement.  Appellant stresses that his signed guilty plea did not specifically inform him of this right and that nothing in the record suggests he was so informed.  Indeed, Appellant is correct that the record does not show he was specifically informed that he could enter a blind guilty plea and demand that the jury fix his punishment to any sentence allowed by KRS 532.030, which includes the death penalty.

However, Appellant's argument fails because *Boykin* "does not require separate enumeration of each right waived." *Fontaine v. United States*, 526 F.2d 514, 516 (6th Cir. 1975); *accord Johnson*, 103 S.W.3d at 691.  Rather, as long as a defendant has a "full understanding of what the plea connotes and its consequences," it is valid.  *Johnson*, 103 S.W.3d at 691 (quotation omitted, and citing *Sparks v. Sowders*, 852 F.2d 882, 885 (6th Cir. 1988), and *Roddy v. Black*, 516 F.2d 1380, 1383 (6th Cir. 1975)).

For this reason, guilty pleas are upheld even where specific rights are not enumerated by the trial court during the plea hearing.  *See, e.g., United States v. Stead*, 746 F.2d 355, 357 (6th Cir. 1984); *United States v. Taylor*, 281 F.App'x 467, 470 (6th Cir. 2008).  Here, Appellant does not offer any authority requiring the trial court to inform him of his right to enter a blind guilty plea and demand jury sentencing in lieu of being sentenced according to his signed plea agreement.  Instead, Appellant cites only Section 11 of the Kentucky Constitution and cases interpreting that section for the proposition that he had the right to do so.

8

Although Appellant may have had that right, the fact that it was not separately enumerated to him does not render the plea invalid, because *Boykin* "does not require separate enumeration of each right waived." *Fontaine,* 526 F.2d at 516; *Johnson,* 103 S.W.3d at 691. And here, given the rights listed in the plea agreement, the rights listed orally in the plea hearing, and the consequences of his plea as explicitly stated in both, there is no doubt that Appellant had a "full understanding of what the plea connote[d] and its consequences." *Johnson,* 103 S.W.3d at 691. Appellant knew that he was waiving his constitutional rights associated with proceeding to trial and that he would be sentenced to twenty years in prison without the possibility of parole. In exchange, he knew that the Commonwealth would recommend that sentence and take the death penalty off the table. This satisfies *Boykin.*

Last, it is worth noting that Appellant's plea was made voluntarily. The trial court asked him if anybody had promised him anything in exchange for his guilty plea, other than the Commonwealth's promise to recommend a sentence. The trial court also asked him if anybody had threatened or coerced him to plead guilty. Appellant responded that nobody had. Additionally, the trial court asked Appellant if he was under the influence of alcohol or drugs, as well as whether he had ever been treated for, or was presently suffering from, any type of mental illness. Appellant responded that he was not. Further, in his signed plea, Appellant affirmed that "Other than [the Commonwealth's] recommendation, no one, including my attorney, has promised me any other benefit in return for my guilty plea nor has anyone forced or threatened me to

9

plead 'GUILTY.'"  Accordingly, there is no doubt that Appellant's plea was made voluntarily.

In summary, given that the substance of Appellant's argument is that his plea was unknowing and involuntary under *Boykin*, this Court can reach the merits of his appeal, notwithstanding that he waived that right when he pleaded guilty.  *Windsor*, 250 S.W.3d at 307.  However, given that his plea was knowing and voluntary, it complied with *Boykin*, and so there is no need to vacate his guilty plea, conviction, or sentence.

### III.  Conclusion

For the foregoing reasons, the judgment of the Jefferson Circuit Court is affirmed.

All sitting.  All concur.

10

COUNSEL FOR APPELLANT:

Daniel T. Goyette
Louisville Metro Public Defender
Advocacy Plaza
717-719 West Jefferson Street
Louisville, Kentucky  40202

James David Niehaus
Deputy Appellate Defender
Office of the Louisville Metro Public Defender
200 Advocacy Plaza
719 West Jefferson Street
Louisville, Kentucky  40202


COUNSEL FOR APPELLEE:

Jack Conway
Attorney General

Michael Louis Harned
Assistant Attorney General
Office of Attorney General
Criminal Appellate Division
1024 Capital Center Drive
Frankfort, Kentucky  40601-8204

11