UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

DARRYL G. GRIGSBY
    *Petitioner,*

Electronically Filed

CASE NO: 3:17-cv-00463-CHB-CHL

VS.

**REPLY TO RESPONSE TO PETITION FOR WRIT OF HABEAS CORPUS UNDER 28 U.S.C.A. §2254**

DON BOTTOM, in his official capacity as
    Warden of Northpoint Training
    Center,
    *Respondent.*

    Comes the Petitioner, Darryl G. Grigsby, by counsel, and for his Reply to the Response to his Petition for Writ of Haveas Corpus under 28 U.S.C.A. §2254, states as follows:

    Respondent, Warden Don Bottom, alleges that Petitioner is foreclosed from relief on this Petition due to his failure to preserve three issues in prior actions. This is simply not true.

    First, Respondent claims that Grigsby has alleged for the first time in his Petition that the motel clerk could not identify him the first time he was shown a photo array, so police showed the clerk a more suggestive array." Response at 19-20.

    This is not accurate. Respondent specifically addressed the two photo lineups in his state RCr 11.42 Memorandum at 23-24. *See also* Motion for Discretionary Review at 8 (addressing the two lineups and pointing out that in the second lineup the police used a photograph of Petitioner with long braided hair). The Kentucky Court of Appeals actually ruled on it. Opinion, Case No. 2013-CA-002142-MR, October 2, 2015, at 7-9.

1

Second, Respondent claims that Petitioner never previously sought to pursue evidence relating to Durham's accomplice, Jamaine "Bub" Russell. Response at 19.

In fact, the majority of Petitioner's state collateral attack was devoted to addressing the need for an evidentiary hearing to demonstrate how his trial counsel was deficient in failing to pursue Russell's role in robbing him beyond an initial interview. *See* RCr 11.42 Motion, *passim;* Brief, Kentucky Court of Appeals, Case No. 2013-CA-002142-MR, at 4, 7-10. Trial counsel's failure to challenge the identification deprived Grigsby of a defense that he was set up by Durham and her accomplice "Bub", that Durham was not robbed but Durham and her accomplice robbed Grigsby, and in the course of the robbery, a struggle for the gun ensued that lead to the death of Durham. *Strickland v. Washington,* 466 U.S. 687.

Finally, with respect to Respondent's claim that Petitioner had never previously raised his claim that trial counsel filed an untimely motion to offer evidence of mental disease or mental defect 7 days prior to trial, and the Motion was denied because trial counsel filed his motion too late, Respondent did not have his entire court file until after he had filed his RCr 11.42 motion. He did not receive his entire file from trial counsel, and his family eventually had to obtain a copy for him from the Jefferson Circuit Court. He was thus unable to document this argument until after he had already filed the 11.42. Trial Counsel's failure to timely file the motion deprived him the defense of EED in mitigation to capital murder. *Coffey v. Messer*, 945 S.W. 2d 944, 945 (Ky. 1997).

Respectfully submitted,

 /s/ Maureen Sullivan_____
MAUREEN SULLIVAN
Kentucky Home Life Building
239 South Fifth Street, Suite 1700
Louisville, Kentucky 40202
(502) 548-1699
sullivanappeals@gmail.com
sullivanappellatelaw@yahoo.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing was sent via ECF this 28th day of March, 2019, which will send a notice of electronic filing to all counsel of record.

/s/ Maureen Sullivan_____
MAUREEN SULLIVAN