UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO. 3:17-CV-463-CHB

**DARRYL G. GRISBY,**                                                                 **Plaintiff,**

**v.**

**DON BOTTOM,** Warden of
**Northpoint Training Center,**                                          **Defendant.**

## Report & Recommendation

Petitioner Darryl Grigsby asks this Court for a writ of habeas corpus pursuant to 28 U.S.C.

§ 2254.  (DN 1.)  The District Judge has referred this matter to the undersigned Magistrate Judge

for findings of fact, conclusions of law, and recommendation.  (DN 3.)  For the following reasons,

the undersigned recommends that Grigsby's petition be DENIED.

### I. BACKGROUND

Tiphanie Durham was shot and killed in May 2006.  Grigsby does not dispute that he was

present at the time of the shooting, or that he "attempted to dispose of [her] body by fire" shortly

thereafter.  (DN 1, PageID # 6.)  He does argue, however, that his plea to murder and five related

charges is invalid.

#### A.  Original Action

In May 2006, a Kentucky grand jury indicted Grigsby on seven counts: murder, first-degree

robbery, two charges of tampering with physical evidence, third degree arson, abuse of corpse,

and being a second-degree persistent felony offender.  (Appendix 2–5, DNs 10-2–10-7.)  Two

months later, the Commonwealth announced its intention to prosecute the indictment as a capital

offense.  (App. 6–7.)

In October 2007, days before trial, Grigsby entered an *Alford* plea[1] to six counts—capital murder, first-degree robbery, third-degree arson, both charges of tampering with physical evidence, and being a second-degree persistent felony offender—in exchange for a sentence recommendation of life without the possibility of parole for 20 years and dismissal of the abuse of corpse charge.  (App. 15–18.)  He also waived his right to appeal.  (App. 18.)  The Jefferson Circuit Court accepted the plea and entered the recommended sentence.  (App. 19–21.)

In March 2009, Grigsby appealed to the Kentucky Supreme Court.  (App. 26–27.)  His appeal was limited to two purported "sentencing issues," namely "whether waiver of appeal can be an express term of a plea bargain and whether criminal defendants [were] being given incorrect information about their right to jury sentencing after guilty pleas."  (App. 29.)  The court affirmed his conviction and sentence.  (App. 76.)

## B.  State-Court Collateral Attack

In August 2010, Grigsby moved *pro se* to vacate, set aside, or correct his judgment and sentence pursuant to Kentucky Rule of Criminal Procedure 11.42.  (App. 78–81.)  He filed a *pro se* memorandum in support.  (App. 82–107.)  In May 2013, new counsel filed a brief in support of Grigsby's motion.  (App. 128–135.)  Grigsby alleged ineffective assistance of counsel on five grounds (plus their cumulative effect) and requested an evidentiary hearing.  Later that year, the Jefferson Circuit Court denied the motion without holding a hearing.  (App. 154–59.)

In December 2014, proceeding with counsel, Grigsby appealed to the Kentucky Court of Appeals, seeking reversal and remand for an evidentiary hearing.  (App. 171–88.)  The court later permitted Grigsby's counsel to withdraw.  (App. 221.)  In October 2015, the court denied

---

[1] Under Kentucky law, an *Alford* plea is equivalent to a guilty plea.  *Brown v. Commonwealth*, 174 S.W.3d 421, 432 (Ky. 2005) (quoting *Pettiway v. Commonwealth*, 860 S.W.2d 766, 767 (Ky. 1993)).

Grigsby's appeal. (App. 242–52.) On August 17, 2016, the Kentucky Supreme Court denied Grigsby's petition for discretionary review. (App. 253.)

### C. This Habeas Action

Grigsby filed his habeas petition through counsel on August 1, 2017.[2] (DN 1.) Respondent Don Bottom, the Warden of Northpoint Training Center where Grigsby is presently held, responded per the Court's instructions on October 26, 2017. (DN 10.) Grigsby filed a reply brief on March 28, 2019. (DN 14.)

## II. APPLICABLE LAW

The writ of habeas corpus is a remedy for state prisoners whose custody violates federal law. 28 U.S.C. § 2254(a); *Reed v. Farley*, 512 U.S. 339, 347 (1994). But "habeas corpus is not to be used as a second criminal trial," *Williams v. Taylor*, 529 U.S. 362, 383 (2000) (opinion of Stevens, J.), and federal courts' authority to consider habeas petitions is limited in several ways. First, before petitioning for habeas relief in federal court, state prisoners typically must exhaust all available state court remedies by fairly presenting all claims to the state courts. 28 U.S.C. § 2254(b), (c); *Rhines v. Weber*, 544 U.S. 269, 274 (2005); *Wilson v. Mitchell*, 498 F.3d 491, 498 (6th Cir. 2007). Second, to be timely, a habeas petition must satisfy a one-year statute of limitations. 28 U.S.C. § 2244(d)(1). And third, a federal court generally may not reach the merits of any claims that were procedurally defaulted in state court, either by a state court's express application of a procedural rule or a petitioner's failure to fairly present the claim. *Lovins v. Parker*, 712 F.3d 283, 295 (6th Cir. 2013); *see also Reed v. Farley*, 512 U.S. 339, 354-55 (1994).

---

[2] In the petition, Grigsby's counsel announced that she intended to "[s]hortly . . . file a request for a briefing schedule which would permit [her] to complete her investigation, to brief the issues more fully, and possibly to add or withdraw claims." (DN 1, PageID # 1.) However, no such motion has been filed.

When a habeas court does reach the merits of a petitioner's claim, it may consider two questions: First, whether the state's underlying final decision was "contrary to" or "an unreasonable application of" federal law as clearly established by the Supreme Court at the time of the decision. 28 U.S.C. § 2254(d)(1); *accord. Williams*, 529 U.S. at 379–82 (opinion of O'Connor, J.). Second, whether the state's underlying final decision was "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2); *accord. Miller-El v. Dretke*, 545 U.S. 231, 240 (2005). The habeas court must defer to the state courts' findings of fact. § 2254(e)(1); *Miller-El*, 545 U.S. at 240; *Shimel v. Warren*, 838 F.3d 685, 695 (6th Cir. 2016).

Even if found, not all constitutional errors warrant relief. *Williams*, 529 U.S. at 375. But where relief is warranted, the habeas court has "broad discretion in fashioning" it. *Gentry v. Deuth*, 456 F.3d 687, 696 (6th Cir. 2006); *see also Hilton v. Braunskill*, 481 U.S. 770, 775 (1987). Both conditional grants, which "provide states with an opportunity to cure their constitutional errors," and absolute grants are possible. *Gentry*, 456 F.3d at 692.

### III. ANALYSIS

Grigsby raises five ineffective assistance claims: that his trial counsel (1) "failed to properly investigate and challenge his identification," (2) "failed to advise [him] as to extreme emotional disturbance as a defense to murder," (3) "filed a motion for to [*sic*] offer evidence of mental disease or mental defect" too late, (4) "failed to acknowledge an alternate [self-defense] theory of the case," and (5) gave "misadvice" which rendered his guilty plea invalid. (DN 1, PageID # 7–9, 11, 13.) He asks for a conditional writ prompting a new trial. (PageID # 15.) The Warden asserts that some of Grigsby's claims are procedurally defaulted and that all fail on the merits. (DN 10, PageID # 79–103.)

4

## A.  Procedural Default by Failure to Exhaust

The Warden argues that Grigsby has procedurally defaulted on three "sub-issues" by failing to present them to the Kentucky courts.  (DN 10, PageID # 79–80.)  Grigsby argues in his reply brief that all three are appropriately before this Court.[3]   (DN 14, PageID # 477–478.)  A claim becomes procedurally defaulted in two circumstances: "First . . . where state-court remedies have been exhausted within the meaning of § 2254, but where the last reasoned state-court judgment declines to reach the merits because of a petitioner's failure to comply with a state procedural rule.  Second . . . where the petitioner failed to exhaust state court remedies, and the remedies are no longer available at the time the federal petition is filed because of a state procedural rule."  *Lovins*, 712 F.3d at 295 (internal citations omitted).   Only the second circumstance is relevant here.

The Warden first challenges Grigsby's allegation that the police showed a fact witness an improperly suggestive photo array.  (DN 10, PageID # 79.)  But Grigsby made this allegation in his *pro se* Rule 11.42 motion and memorandum.  (App. 79, 104.)  Furthermore, the Warden does not dispute that the actual constitutional claim supported by this allegation—failure by trial counsel to investigate the photo lineup identification—was presented in Grigsby's Rule 11.42 memorandum.  (DN 10, PageID # 79.)  The undersigned finds that this allegation and claim are not procedurally defaulted.

The Warden next challenges Grigsby's claim that his trial counsel failed to investigate his claim that he was actually the victim of an attempted robbery by Durham and an accomplice.  (DN

---

[3] Grigsby's reply brief was filed more than a year after the deadline set by the Court.  (*See* DN 3.)  However, courts in this circuit generally do not reject habeas claims due to procedural default without first giving the petitioner an opportunity to reply to the respondent's argument. *See Lorraine v. Coyle*, 291 F.3d 416, 426 (6th Cir.), *amended on reh'g*, 307 F.3d 459 (6th Cir. 2002). Accordingly, the undersigned has given it full consideration in preparing this Report & Recommendation.

10, PageID # 79–80.)   But Grigsby clearly claimed in his *pro se* Rule 11.42 motion and memorandum that his trial counsel, upon investigation into the facts of the case, would have discovered such facts.  (App. 79, 96.)  The undersigned finds that this claim is not procedurally defaulted.

The Warden finally challenges Grigsby's allegation that his trial counsel was late to file a notice of expert witness testimony and thereby prevented him from pursuing a defense of extreme emotional disturbance.  (DN 10, PageID # 80.)  Grigsby concedes that he did not present this allegation to the Kentucky courts, but asserts that he was "unable to" because he "did not receive his entire file from trial counsel" and "did not have his entire court file until after he had filed his RCr 11.42 motion."  (DN 14, PageID # 478.)  This reply is, in substance, a cause-and-prejudice argument.

Since Grigsby's late-filing claim was not presented to the Kentucky courts in his first and only Rule 11.42 motion, it is procedurally defaulted.   Ky. R. Crim. P. 11.42(3); *Sanders v. Commonwealth*, 339 S.W.3d 427, 438 (Ky. 2011).  As a result, this Court may not reach its merits absent a finding of either (1) cause and prejudice or (2) actual innocence.  *Teague v. Lane*, 489 U.S. 288, 298 (1989); *Williams v. Anderson*, 460 F.3d 789, 805–06 (6th Cir. 2006); *Woody v. Tennessee*, 12 F.3d 216 (6th Cir. 1993) ("The cause and prejudice standard applies to a defendant who pleads guilty and first asserts a claim for relief in a collateral proceeding.").  Grigsby pled guilty in October 2007 and initiated his Rule 11.42 collateral challenge in August 2010.  He has not alleged that his trial attorney, another person, or any other outside force prevented him from obtaining and reviewing his trial court record during that 34-month interim.  Likewise, as the Warden points out, the trial court never actually ruled that the notice was inexcusably tardy or granted the prosecution's motion to exclude related evidence.  (DN 10, PageID # 96–97; App. 12–

14.)  Accordingly, the undersigned finds that Grigsby has shown neither cause nor prejudice; that the procedural default is not excused; and that this Court therefore may not reach the merits of the claim.  *See Williams*, 460 F.3d at 807.

## B.  Validity of Plea

The validity of Grigsby's plea is the crux of his petition.  *See Tollett v. Henderson*, 411 U.S. 258, 267 (1973).  He argues that his trial counsel's "misadvice" and "campaign to coerce" him rendered his plea involuntary, unknowing, unintelligent and—ultimately—invalid.  (DN 1, PageID # 13–15.)  In response, the Warden points out that the Kentucky courts found Grigsby's plea colloquy constitutionally adequate.  (DN 10, PageID # 100.)

"A guilty plea is valid only if the defendant enters into it intelligently and voluntarily, factors which may be determined from the totality of the circumstances surrounding the plea."  *Abdus-Samad v. Bell*, 420 F.3d 614, 631 (6th Cir. 2005) (citing *Brady v. United States*, 397 U.S. 742, 747, 749 (1970)).  To attack his plea, a petitioner who has pled guilty upon counsel's advice must show that he received ineffective assistance of counsel.  *Hill v. Lockhart*, 474 U.S. 52, 58 (1985).  To make that showing, the petitioner much establish both cause and prejudice—more specifically, (1) "that counsel's representation fell below an objective standard of reasonableness," *Strickland v. Washington*, 466 U.S. 668, 688 (1984), and (2) "a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial," *Hill*, 474 U.S. at 58–59.  This two-prong standard, coupled with this Court's deferential review of the Kentucky courts' preceding judgments, "is doubly hard to meet."  *Shimel*, 838 F.3d at 696.

At his October 2007 change of plea hearing, Grigsby acknowledged the significant likelihood that, had he gone to trial, he would have been convicted of his charges.  (DVD: Jefferson

Circuit Court Video Record, "12 TITLE_#12" at 3:21, DN 12 [hereinafter Plea Colloquy].)[4]  He testified that he had sufficient time to discuss the change of plea with his attorneys, that he was satisfied with their advice, that he had reviewed his plea agreement with them, and that the agreement was consistent with their advice.  (Plea Colloquy 2:50, 3:13, 6:12.)  He further testified that no one had promised him anything (other than prosecution's sentence recommendation) for or coerced him into changing his plea, that he was pleading guilty upon his own free will, that he was not under the influence of alcohol or drugs, and that he had not been treated for any mental illness.  (Plea Colloquy 2:35, 2:50.)  He expressly waived his rights to a jury trial, to call and cross-examine witnesses, to remain silent, and to appeal his conviction.  (Plea Colloquy 1:51.)  Finally, he testified that he understood the prosecution's recommended sentence and that he still wished to plead guilty in light of it.  (Plea Colloquy 4:30.)

Grigsby's signed motion to enter an *Alford* plea contained the same representations and waivers that he made under oath during the colloquy.  (App. 15–16.)  It also stated that he had "fully discussed . . . any possible defenses" with counsel and that he understood them; that he waived the right to produce favorable evidence; that his plea was free, knowing, intelligent and voluntary; and that he had been "represented by competent counsel."  (App. 15–16.)  Grigsby's trial counsel made corresponding certifications during the change of plea hearing and in the motion.  (Plea Colloquy 1:12; App. 16.)

In light of his testimony and motion, the Jefferson Circuit Court accepted Grigsby's plea and imposed the recommended sentence.  (Plea Colloquy 4:57, 6:28; App. 19–21.)  In reviewing Grigsby's state-court collateral attack of his conviction, the Kentucky Court of Appeals held that

---

[4] In October 2017, the Warden conventionally filed two discs which contain the Jefferson Circuit Court's video records.  (*See* DN 11.)  This Court's corresponding documentation, which has been digitally scanned into this case's electronic docket, incorrectly describes the filing as "1 CD."  (DN 12.)  The two discs are actually filed together in that single record entry.

his representations during the plea colloquy "directly refute[d] his allegation that his plea was involuntary or unknowing due to his counsel's threats or alleged improper advice" and likewise found "nothing improper in counsel's advice to Grigsby."  (App. 246, 248.)

For two reasons, that final decision by the Kentucky Court of Appeals was not "contrary to" or "an unreasonable application of" federal law; nor was it "based on an unreasonable determination of the facts in light of the evidence presented."  28 U.S.C. § 2254(d).  First, the representations and declarations made by Grigsby and his counsel at his change of plea hearing "carry a strong presumption of verity" and therefore "constitute a formidable barrier" to his ineffective-assistance claim.  *Blackledge v. Allison*, 431 U.S. 63, 74 (1977).  Grigsby has cast little shadow in his habeas petition, if any, on his plea colloquy's legitimacy.

Second, in light of the pretrial record, Grigsby can establish neither cause nor prejudice, even if only the assertions in his petition are considered.  His trial counsel's assessment of the case was not deficient.  For example, as the Kentucky Court of Appeals found, Grigsby's own account of the facts excludes EED and self-defense—the defenses he asserts counsel should have raised— and two other witness accounts overlapped with the identification that Grigsby challenges.  (App. 248–49.)  Because counsel's advice to plead guilty was not objectively deficient or unreasonable, *Strickland*, 466 U.S. at 687–88, and because rejection of the plea offer would not have been objectively rational under the circumstances, *Pilla v. United States*, 668 F.3d 368, 373 (6th Cir. 2012) (quoting *Padilla v. Kentucky*, 559 U.S. 356, 372 (2010)), the undersigned finds that this claim fails on the merits.

## C. Pre-Plea Arguments

Grigsby's three remaining claims involve pre-plea issues—specifically, trial counsel's handling of a witness identification and decisions to not pursue two alternative affirmative defenses.  "A voluntary and unconditional guilty plea generally waives any non-jurisdictional

claims that arose before the plea . . . ." *United States v. Cottage*, 307 F.3d 494, 499 (6th Cir. 2002); *see also Tollett*, 411 U.S. at 267; *United States v. Lalonde*, 509 F.3d 750, 757 (6th Cir. 2007). "[C]onscious waiver . . . with respect to each potential defense relinquished by a plea of guilty . . . is not required." *United States v. Broce*, 488 U.S. 563, 573 (1989).  Such pre-plea arguments only survive if the petitioner successfully "link[s] them to the alleged involuntariness of his plea." *Kotsonis v. United States*, No. 17-5099, 2017 WL 7310633, at *2 (6th Cir. Sept. 12, 2017); *see also Rice v. Olson*, No. 16–1125, 2016 WL 3877866, at *2 (6th Cir. July 15, 2016)); *United States v. Stiger*, 20 Fed. Appx. 307, 308–09 (6th Cir. 2001).

Grigsby has not linked his remaining claims to his plea—which, as discussed *supra*, was not involuntary.  His petition's superficial uses of *Strickland*'s "but for" and "would have gone to trial" language (*see* DN 1, PageID # 8, 11, 13) are insufficient; he "cannot make [the requisite] showing merely by telling [the Court] now that []he would have gone to trial then if []he had gotten different advice." *Pilla*, 668 F.3d at 373.  The undersigned therefore finds that his remaining claims have been waived.  *See Stiger*, 20 F. App'x at 309; *Rice*, 2016 WL 3877866, at *2.

### D.  Evidentiary Hearing and Discovery

Grigsby also requests an evidentiary hearing, "the authority to obtain subpoenas . . . necessary for an evidentiary hearing," and "the right to conduct discovery if requested in a separately filed motion."  (DN 1, PageID # 15–16.)  He has not made "a separate motion" for a hearing, as he anticipated doing at the time of his petition, nor has he filed any discovery motions. His petition offers no additional support for these requests.

"In deciding whether to grant an evidentiary hearing, a federal court must consider whether such a hearing could enable an applicant to prove the petition's factual allegations, which, if true, would entitle the applicant to federal habeas relief. . . . [I]f the record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an

10

evidentiary hearing." *Schriro v. Landrigan*, 550 U.S. 465, 474 (2007); *see also* 28 U.S.C. § 2254(e)(2); *Black v. Carpenter*, 866 F.3d 734, 742 (6th Cir. 2017).  A habeas court may grant leave to conduct discovery only "for good cause."  Section 2254 Rule 6(a).

Grigsby has not overcome the presumption that the Kentucky courts' factual findings are correct.  *See* 28 U.S.C. § 2254(e)(1).  The existing record refutes Grigsby's factual allegations and precludes habeas relief.  Therefore, the undersigned finds that an evidentiary hearing is unwarranted and that there is no good cause to permit discovery.

## E. Certificate of Appealability

Finally, Grigsby requests a certificate of appealability, which "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  That "demonstration . . . includes showing that reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'"  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)).  When a claim is denied on procedural grounds, the applicant must additionally show "that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  *Id*.

For the reasons discussed *supra*, the undersigned finds that Grigsby has failed to make the requisite showing for each of his claims.

## IV. RECOMMENDATION

For the foregoing reasons, the undersigned recommends that the petition be DENIED in full and this action DISMISSED WITH PREJUDICE.

Colin H Lindsay, Magistrate Judge
United States District Court

June 7, 2019

**<u>Notice</u>**

Pursuant to 28 U.S.C. § 636(b)(1)(B)–(C), the above-signed Magistrate Judge hereby files with the Court the instant findings and recommendations.  A copy shall forthwith be electronically transmitted or mailed to all parties.  28 U.S.C. § 636(b)(1)(C).  Within fourteen (14) days after being served, a party may serve and file specific written objections to these findings and recommendations.  FED. R. CIV. P. 72(b)(2).  Failure to file and serve objections to these findings and recommendations constitutes a waiver of a party's right to appeal.  *Id.*; *United States v. Walters*, 638 F.2d 947, 949–50 (6th Cir. 1981); *see also Thomas v. Arn,* 474 U.S. 140 (1985).