UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

DARRYL G. GRIGSBY
    *Petitioner,*

                              Electronically Filed

                              CASE NO: 3:17-cv-00463-CHB-CHL

VS.

DON BOTTOM, in his official capacity as
    Warden of Northpoint Training
    Center,
    *Respondent.*

## MOTION TO ALTER OR AMEND JUDGMENT PURSUANT TO
## F.R.C.P. §§52(b), 59(a)(1)(B), AND 59(e)

    Comes the Petitioner, Darryl Grigsby, by counsel, and for his Motion to Alter or Amend

Judgment pursuant to F.R.C.P. §§52(b), 59(a)(1)(B), and 59(e), states as follows:

    1. This Court has jurisdiction to alter or amend judgment pursuant to F.R.C.P. 59 in a

proceeding pursuant to 28 U.S.C. §2254 under the following circumstances:

    (1)      a clear error of law;
    (2)      newly discovered evidence;
    (3)      an intervening change in controlling law; or
    (4)      a need to prevent manifest injustice.

Memorandum and Order, *Jonathon L. Johnson v. Don Bottom,* No. 3:15-CV-309-CHB (W.D. Ky,

05/08/2019, DN 41), *citing GenCorp, Inc. v. Am. Int'l Underwriters,* 178 F.3d 804, 834 (6th Cir.

1999). The standard is the same for Rule 52(b) motions. *Id.* (citations omitted)

    Petitioner submits that in preparing the Reply to Warden Bottoms' Response to his Petition,

counsel omitted information which Petitioner in good faith believes must be included in the record

in order for the Court to have a clear picture of what occurred (and did not occur) during the

defense of his case in the trial court; why Petitioner was unable to raised some issues in his RCr

11.42 Motion; and why Petitioner believes in good faith that his Sixth Amendment right to the effective assistance of counsel was violated and that he is entitled to relief pursuant to 28 U.S.C. §2254.

The claims made by informant Marcus Owens (*see, e.g.,* Response, DN 10, at 38, PageID #98) had been provided in discovery, but never provided to Petitioner by trial counsel. He did not receive it until his family procured a copy of his file after his RCr 11.42 Motion had been filed.

On or about April 18, 2018, Petitioner wrote to the undersigned counsel, acknowledging receipt of a copy of the Respondent's Response which counsel had mailed to the Petitioner, and pointing that Marcus Owens' statements had been provided in discovery but never provided to Petitioner by trial counsel. Further, on review of the information, Petitioner pointed out inconsistencies which indicated that Owens was not telling the truth and that he may have been coached or provided with information in order to bolster the Commonwealth of Kentucky's case against Petitioner (Exhibits A and B).

Believing that this information had been available to the Kentucky Department of Public Advocacy attorneys who supplemented Petitioner's RCr 11.42 Motion, counsel did not include it in the reply.

On further review with Petitioner, counsel believes in good faith that there is sufficient proof that Owens' "information" was suspect to address further Petitioner's claim that his counsel should have challenged the claim that the victim was killed during the course of a robbery, and therefore that he was subject to the death penalty if he had proceeded to trial. Counsel has attached her Affidavit.

Petitioner anticipates filing a timely Notice of Appeal in this matter, but also requests that this Court allow fourteen (14) days for Petitioner to address fully the claims outlined in Exhibits A and B, and an appropriate period for Respondent to respond.

Respectfully submitted,

/s/ Maureen Sullivan
MAUREEN SULLIVAN
Kentucky Home Life Building
239 South Fifth Street, Suite 1700
Louisville, Kentucky 40202
(502) 548-1699
sullivanappeals@gmail.com

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing was sent via ECF this 6th day of August, 2019, which will send a notice of electronic filing to all counsel of record.

/s/ Maureen Sullivan
MAUREEN SULLIVAN