UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | |
|---|---|
| DARRYL G. GRIGSBY, | ) |
|     Petitioner, | ) |
| | ) Civil Action No. 3:17-CV-463-CHB-CHL |
| v. | ) |
| | ) **ORDER GRANTING PETITIONER'S** |
| DON BOTTOM, Warden of Northpoint Training Center, | ) **MOTION TO ALTER OR AMEND** |
| | ) **THE JUDGMENT** |
|     Respondent. | ) |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the Court on Petitioner Grigsby's pro se Motion to Redocket/Re-Open Case to Allow Belated Objections [R. 25], Petitioner's pro se Motion to Proceed in Forma Pauperis [R. 23], and Petitioner's Motion to Alter or Amend Judgment. [R. 18]. On June 7, 2019, Magistrate Judge Colin H. Lindsay issued his Report and Recommendation ("Report and Recommendation") regarding Grigsby's Petition for Writ of Habeas Corpus and recommended that his petition be denied. [R. 15] The Report and Recommendation provided that the parties had fourteen (14) days to file objections. [*Id.* at 12] That deadline passed with no objections filed, and on July 7, 2019, the Court issued an order adopting the Magistrate Judge's Report and Recommendation. [R. 16] Petitioner filed his Motion to Amend or Alter the Judgment within 28 days of the Court's entry of the Order dismissing his case. [R. 18]

Rule 52(b) provides, in pertinent part, that a "court may amend its findings—or make additional findings—and may amend the judgment accordingly" and that a party may seek relief under Rules 52(b) and 59 concurrently. *See* Fed. R. Civ. P. 52(b). Rule 59(e) provides that "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e).

This Court may grant a Rule 59(e) motion to alter or amend if there is: (1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice. *GenCorp, Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999). The standard is the same for Rule 52(b) motions. *Brown v. Owens Corning Inv. Review Comm.*, No. 3:06 CV 2125, 2009 WL 1362607, at *1 (N.D. Ohio May 13, 2009) (citing *Diebitz v. Arreola*, 834 F. Supp. 298, 302 (E.D. Wis. 1993)).

Petitioner's counsel has done him no favors in this case by missing deadlines and failing to communicate with him. First, she has consistently failed to meet the Court's deadlines. There were warning signs from the outset: after Respondent responded to Grigsby's Petition for a Writ of Habeas Corpus, counsel did not file a reply brief for a remarkable seventeen (17) months. [R. 14] Nevertheless, Magistrate Judge Lindsay gave it his full consideration in his Report and Recommendation. [R. 15 at 5 n.3] Judge Lindsay issued his Report and Recommendation on June 7, 2019, and gave the parties fourteen (14) days to file objections, advising that failing to file objections would constitute a waiver of Petitioner's right to appeal. [R. 15] None were filed by the deadline. Finally, when the Court ordered Petitioner's counsel to respond to Petitioner's claims that she did not inform him about the Report and Recommendation, she failed to meet the Court's fourteen-day deadline. [R. 30]

Petitioner Grigsby's counsel has likewise failed to communicate with her client, compounding the prejudice to him. This is particularly troubling since Grigsby, as a prisoner, has limited means of communication. Hearing nothing from his counsel, he had no way of knowing that his counsel was missing deadlines and the consequences of missing those deadlines. On July 29, 2019, roughly three weeks after the Court entered judgment dismissing his petition, Grigsby filed a letter [R. 17] asking about the status of his case and indicating that

he had not received any of the briefs or legal materials over the previous year. Moreover, nothing in the letter indicates that Grigsby was aware that the Report and Recommendation had been entered, or that the Court had adopted the Report and Recommendation by order. In fact, once he learned that his case was dismissed, Grigsby filed a Motion to Re-Open the case so that he could file objections, indicating that his counsel did not inform him about the Report and Recommendation at all. [R. 25] Grigsby's counsel concedes that she failed to notify him of the Report and Recommendation. [R. 35] By failing to inform her client of the Report and Recommendation and electing not to file any objections herself, counsel not only prevented Grigsby from challenging any potential inaccuracies in the Report and Recommendation but also waived his right to appeal. *See Thomas v. Arn*, 728 F.2d 813, 815 (6th Cir. 1984). Grigsby has since discharged his counsel and filed a bar complaint against her. [R. 35]

To avoid manifest injustice, the Court finds that Petitioner's Motion to Alter or Amend Judgment [R. 18] should be granted, but only insofar as to afford Petitioner the opportunity to file objections to the Report and Recommendation. *See Volunteer Energy Servs., Inc. v. Option Energy, LLC*, 579 F. App'x. 319, 330–31 (6th Cir. 2014). Objections are not, however, the place to raise new arguments or issues that were not presented to the Magistrate Judge. *Murr v. U.S.*, 200 F.3d 895, 902 n.1 (6th Cir. 2000). The parties also have a "duty to pinpoint those portions of the magistrate [judge]'s report that the district court must specially consider." *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (internal citations omitted). The Court need not provide *de novo* review where the objections are frivolous, conclusive, or general. *Id.* A general objection to a magistrate judge's recommended disposition is treated as a failure to object. *Cline v. Myers*, 495 F. App'x 578, 580 (6th Cir. 2012) (citation omitted). Accordingly,

**IT IS HEREBY ORDERED** as follows:

1.  Petitioner's Motion to Alter or Amend the Judgment **[R. 18]** is **GRANTED**. The Clerk of Court is **DIRECTED** to send to Petitioner a copy of the Magistrate Judge's Report and Recommendation **[R. 15]**. **Within fourteen (14) days after being served with a copy**, Petitioner may serve and file written objections to the Report and Recommendation as provided by the Court. If Petitioner has objections, such objections must be timely filed or further appeal is waived. *Thomas v. Arn*, 728 F.2d 813, 815 (6th Cir. 1984). Respondent shall, of course, be entitled to respond to those objections within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b)(2).

2.  The Court's Order entered on July 9, 2019 **[R. 16]** is **VACATED**. The Clerk of Court is **DIRECTED** to reinstate this action to the Court's active docket.

3.  Petitioner's Motion to Redocket/Re-Open Case to Allow Belated Objections **[R. 25]** is **DENIED as moot**.

4.  Petitioner's Motion for Leave to Proceed in Forma Pauperis **[R. 23]** is **DENIED as moot**, as the Court has vacated its prior Order that Petitioner sought to appeal.

This the 20th day of November, 2019.

*/s/ Claria Horn Boom*
CLARIA HORN BOOM,
UNITED STATES DISTRICT COURT JUDGE
EASTERN AND WESTERN DISTRICTS OF
KENTUCKY

cc:  Petitioner, *pro se*
     Counsel of Record
     Clerk, Sixth Circuit Court of Appeals (No. 19-5893)