UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | |
|---|---|
| DARRYL G. GRIGSBY, | ) |
| | ) |
| Petitioner, | ) Civil Action No. 3:17-CV-463-CHB-CHL |
| | ) |
| v. | ) **MEMORANDUM OPINION AND** |
| | ) **ORDER ON OBJECTIONS TO** |
| DON BOTTOM, Warden of Northpoint | ) **MAGISTRATE JUDGE'S** |
| Training Center, | ) **RECOMMENDED DISPOSITION** |
| | ) |
| Respondent. | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the Court on Petitioner Darryl Grigsby's objections to Magistrate Judge Colin H. Lindsay's Report and Recommendation [R. 48], and Grigsby's accompanying Motion to Conduct Discovery [R. 45], Motion for Stay and Abeyance [R. 46], and Motion for an Evidential Hearing [R. 47]. Respondent Don Bottom has responded to Petitioner's accompanying Motions. [R. 52, 53, 54]. Thus, this matter is ripe for review. For the following reasons, the Court will overrule Petitioner's objections and adopt the Magistrate Judge's Report and Recommendation. The Court will also deny Petitioner's accompanying Motions.

**I.     Background Facts**

Magistrate Judge Lindsay's Report and Recommendation ably sets out the factual background of this case. Briefly, in May 2006, a Kentucky grand jury indicted Petitioner Darryl Grigsby ("Petitioner" or "Grigsby") on seven counts: murder, first degree robbery, two charges of tampering with physical evidence, third degree arson, abuse of corpse, and being a persistent felony offender in the second degree. [R. 10-3 pp. 1–5][1]  These charges stemmed from an incident in which Grigsby shot Tiphanie Durham and attempted to dispose of her body by

---

[1] The Commonwealth of Kentucky filed notice that it intended to prosecute Grigsby for a capital offense. [R. 10-3 pp. 6–7]

- 1 -

burning it. [R. 1 ¶ 24] Grigsby entered an *Alford* plea to six counts: capital murder, first degree robbery, third-degree arson, the two charges of tampering with physical evidence, and being a persistent felony offender in the second degree. [*Id.* pp. 15–18] The abuse of corpse count was dismissed. [*Id.*] In his plea, Grigsby waived his right to appeal. [*Id.* p. 18] Nonetheless, Grigsby appealed his conviction and sentence to the Kentucky Supreme Court, which affirmed his conviction and sentence. [R. 1 ¶ 5]

Petitioner then filed a motion to vacate, set aside, or correct his judgment pursuant to Kentucky Rule of Criminal Procedure 11.42, asserting various claims based on ineffective assistance of counsel. [*Id.* ¶ 6] The Jefferson Circuit Court denied his motion. [*Id.* ¶ 7] Petitioner appealed the denial to the Kentucky Court of Appeals, but the Court of Appeals affirmed the Jefferson Circuit Court. [*Id.* ¶ 8] Petitioner filed for discretionary review with the Kentucky Supreme Court but was unable to obtain review. [*Id.* ¶ 9]

Grigsby filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254 to this Court, requesting for his *Alford* plea to be vacated and for a new trial. [R. 1 p. 15] Judge Lindsay found that Petitioner had raised five grounds of ineffective assistance of counsel, as follows:

> [Grigsby] claims[] that his trial counsel (1) "failed to properly investigate and challenge his identification," (2) "failed to advise [him] as to extreme emotional disturbance as a defense to murder," (3) "filed a motion for to [sic] offer evidence of mental disease or mental defect" too late, (4) "failed to acknowledge an alternate [self-defense] theory of the case," and (5) gave "misadvise" which rendered his guilty plea invalid.

[R. 15 p. 4] Judge Lindsay found that Petitioner procedurally defaulted on Ground 3. [*Id.* pp. 5–7] He found that ground 5 was meritless since Grigsby's plea was voluntary and intelligently made. [*Id.* pp. 7–9] Judge Lindsay then found that Grounds 1, 2, and 4 were meritless. [*Id.* pp. 9–10] Finally, he found that an evidentiary hearing was not warranted

and recommended that no certificate of appealability should issue. [*Id.* pp. 10–11]
Petitioner now objects to Judge Lindsay's Report and Recommendation. [R. 48]

**II.     Standard of Review**

Under Federal Rule of Civil Procedure 72(b)(2), a petitioner has fourteen days after service to register any objections to the Magistrate Judge's report and recommendation or else waive his rights to appeal. When no objections are made, this Court is not required to "review . . . a magistrate's factual or legal conclusions, under a *de novo* or any other standard . . . ." *Thomas v. Arn*, 474 U.S. 140, 151 (1985). Parties who fail to object to a magistrate judge's report and recommendation are also barred from appealing a district court's order adopting that report and recommendation. *United States v. White*, 874 F.3d 490, 495 (6th Cir. 2017); *United States v. Walters*, 638 F.2d 947, 949–50 (6th Cir. 1981).

For properly-made objections, non-dispositive matters are reviewed under a "limited" standard of review: the district court "must . . . modify or set aside any part of the order that is clearly erroneous or is contrary to law." *Massey v. City of Ferndale*, 7 F.3d 506, 509 (6th Cir. 1993); Fed. R. Civ. P. 72(a). Dispositive matters, however, are reviewed *de novo* if a party makes proper objections. Fed. R. Civ. P. 72(b)(3). In order to receive *de novo* review by this Court, any objection to the recommended disposition must be specific. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). A specific objection "explain[s] and cite[s] specific portions of the report which [counsel] deem[s] problematic." *Robert v. Tesson*, 507 F.3d. 981, 994 (6th Cir. 2007) (quoting *Smith v. Chater*, 121 F.3d 709, 1997 WL 415309, at *2 (6th Cir. 1997)). A general objection that fails to identify specific factual or legal issues from the recommendation, however, is not permitted, since it duplicates the magistrate's efforts and wastes judicial

economy. *Howard v. Secretary of Health and Human Services*, 932 F.2d 505, 509 (6th Cir. 1991).

**III.     Discussion**

Petitioner's habeas petition is governed by the Antiterrorism and Effective Death Penalty Act (AEDPA). Under AEDPA, a writ of habeas corpus is a remedy for state prisoners whose custody violates federal law. 28 U.S.C. § 2254(a); *Reed v. Farley*, 512 U.S. 339, 347 (1994). However, a federal court may not issue a writ until a petitioner has exhausted all of his or her state court remedies by fairly presenting his or her federal claims to the state courts. *Wilson v. Mitchell*, 498 F.3d 491, 498 (6th Cir. 2007). "[A] petitioner may procedurally default a claim by failing to raise a claim in state court, and pursue that claim through the state's ordinary appellate review procedures." *Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006). To avoid procedural default, a petitioner must exhaust all state-court remedies. *Williams v. Mitchell*, 792 F.3d 606, 613 (6th Cir. 2015). "If a [petitioner] failed to exhaust his or her state court remedies and state law would no longer permit the petitioner to raise the claim when he or she files a petition for habeas relief in federal court, the claim is procedurally defaulted." *Carter v. Mitchell*, 693 F.3d 555, 564 (6th Cir. 2012).

Even if a Petitioner properly preserved all of his or her claims, federal courts may only grant a writ of habeas corpus if a petitioner shows that the state's adjudication of the claim "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1)–(2); *Harrington v. Richter*, 562 U.S. 86, 100 (2011); *see also Williams v. Taylor*, 512 U.S. 362 (2000).

### A. Procedural Default

Petitioner objects to the Magistrate Judge's recommendation that the Court dismiss Petitioner's third ground—that his trial counsel provided ineffective assistance by filing a notice of expert witness testimony too late to pursue a defense of extreme emotional disturbance—for procedural default. [R. 48 pp. 1–2] A petitioner procedurally defaults on a claim "where the petitioner failed to exhaust state court remedies, and the remedies are no longer available at the time the federal petition is filed because of a state procedural rule." *Lovins v. Parker*, 712 F.3d 283, 295 (6th Cir. 2013). Petitioner concedes that he did not raise this ground in his 11.42 Motion, and therefore did not exhaust his state court remedies. The claim is procedurally defaulted.[2] [R. 14 p. 2; R. 48 p. 1] However, he requests that the Court stay this action and remand the case to state court so that he can exhaust this claim.[3] [R. 48 p. 2; R. 46]

Grigsby argues that because his petition contains a mix of exhausted and unexhausted claims, the Court should remand the case to state court pursuant to *Rhines v. Weber*, 544 U.S. 269 (2005). *Rhines* states that under some "limited circumstances," a federal district court has the discretion to stay a habeas petition if it includes unexhausted claims. *Id.* at 277–78. First, even if the Court granted a stay it is not clear that Petitioner would have any remedy in state court since Kentucky law does not allow for successive motions under Rule 11.42. *See* RCr 11.42(3); *Fraser v. Commonwealth*, 59 S.W.3d 448, 454 (Ky. 2001). Second, the "stay and abeyance method should only be available in instances where the petitioner can: 1) show good cause for failing to present the claims before the state court in the first instance, and 2) show that

---

[2] Petitioner also does not object to Magistrate Judge Lindsay's finding that he has shown neither cause nor prejudice for the default. [R. 15 pp. 6–7]
[3] Petitioner filed a separate Motion for Stay and Abeyance in addition to his objections. [R. 46]

his unexhausted claims are not plainly meritless." *Wagner v. Smith*, 581 F.3d 410, 419 (6th Cir. 2009).

In an attempt to show good cause, Petitioner points to actions done by his former counsel in his *federal* habeas petition. Specifically, Petitioner claims that his former counsel in this action did not inform him that this claim was not exhausted and argues that she should have filed for a stay herself. [R. 48 pp. 1–2] However, these do not provide good cause for why Grigsby did not raise the claim in his Rule 11.42 Motion in *state* court. If Petitioner's former counsel had filed for a stay in this case, the result would have been the same: Petitioner would have had to show good cause for why he did not raise the claim in his Rule 11.42 Motion.

Moreover, Petitioner's claim is plainly meritless. An ineffective assistance of counsel claim requires showing that the trial counsel's representation "fell below an objective standard of reasonableness," and that, "but for counsel's unprofessional errors, the result of the proceeding would have been different." *Hill v. Lockhart*, 474 U.S. 52, 57 (1985). When a defendant pleaded guilty, this second prong requires showing that but for the errors of counsel, the defendant would have gone to trial. *Id.* at 58. In this case, Petitioner claims that his trial counsel's failure to file a timely notice of expert witness testimony prevented him from pursuing a potential defense of extreme emotional disturbance. [R. 1 ¶¶ 30–41, 47] As Magistrate Judge Lindsay noted, the trial court did not actually rule on this motion, or ever prevent Petitioner from presenting expert testimony. [R. 15 p. 6; R. 10-3 pp. 12–14; R. 12 (DVD: Jefferson Circuit Court Video Record, "12 TITLE_#11" at 2:30)] Therefore, Petitioner cannot show that but for these errors he would have gone to trial. For all of these reasons, granting a stay and allowing Petitioner to return to state court to exhaust his state court remedies would be an abuse of this Court's discretion. *Rhines*, 544 U.S. at 277.

### B. Validity of Petitioner's Alford Plea

Petitioner next objects to Judge Lindsay's finding that his *Alford* plea was valid. [R. 48 pp. 3–5] Judge Lindsay found that Grigsby did not show that the Kentucky Court of Appeals' holding, that his plea was voluntary and intelligently made, was a violation of federal law. [R. 15 pp. 7–9] He also found that Grigsby did not show that his counsel's advice to plead guilty was ineffective under *Strickland v. Washington*, 466 U.S. 668 (1984). [*Id.*] Petitioner's objections largely mirror the arguments presented in his initial Petition: that his counsel's advice to plead guilty was ineffective because he did not advise him of the defenses of extreme emotional distress and self-defense, and that because he was not advised of these potential defenses his plea was involuntary, unknowing, and unintelligent. [R. 48 pp. 5–7]; *see* [R. 1 pp. 13–15, ¶¶ 59–64]

In order to challenge his plea Petitioner must show that he received ineffective assistance of counsel. *Hill v. Lockhart*, 474 U.S. 52, 58 (1985); *see also Tollett v. Henderson*, 411 U.S. 258, 267 (1973). An ineffective assistance of counsel claim requires showing that the trial counsel's representation "fell below an objective standard of reasonableness," and that, "but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 57. In cases where the defendant pleaded guilty, this second prong requires showing that but for the errors of counsel, the defendant would have gone to trial. *Id.* at 58. "[W]here the alleged error of counsel is a failure to advise the [movant] of a potential affirmative defense to the crime charged, the resolution of the 'prejudice' inquiry will depend largely on whether the affirmative defense likely would have succeeded at trial." *Id.* at 59.

Grigsby's own account of the facts foreclose his ineffective assistance of counsel claim. In both his state court 11.42 motion and his Petition before this Court, Grigsby described the death of Tiphanie Durham as an accident. *See* [R. 1 ¶ 24 ("When the gunman turned his attention

to Durham, Grigsby saw an opening, reached back toward the gunman and tried to take the gun from the robber. During the struggle for the gun Durham was shot and killed."); [R. 10-4 pp. 10–11 (App. 87–88)]  The Kentucky Court of Appeals found that this description of the facts would not have entitled Grigsby to an instruction of extreme emotional disturbance or self-defense under Kentucky law. [R. 10-5 p. 77–78 (App. 247–48) ("By [Grigsby's] own account, his actions were accidental, a defense which is not only distinct, but mutually exclusive of the defenses of which Grigsby claims he should have been advised.")]. *See also Grimes v. McAnulty*, 957 S.W.2d 223 (Ky. 1997).  This means that Grigsby clearly cannot show that either affirmative defense would have been successful at trial, and therefore he cannot show that he received ineffective assistance of counsel.[4] *Hill*, 474 U.S. at 58.

Grigsby's argument that his plea was involuntary because his counsel did not advise him of these two (inapplicable) defenses is meritless.  Grigsby has not contested any of Judge Lindsay's findings regarding his testimony during his plea colloquy or the contents of his signed *Alford* plea—both of which clearly indicate that Grigsby's plea was free, knowing, intelligent, and voluntary, and that he knew the rights he was waiving by pleading guilty. [R. 15 pp. 7–9] Grigsby's plea colloquy testimony and his signed *Alford* plea carry "a strong presumption of verity." *Blackledge v. Allison*, 431 U.S. 63, 67 (1977).  The fact that Grigsby was not informed of two factually inapplicable defenses does not make his plea involuntary.

C. **Pre-Plea Arguments**

Grigsby's objections to Judge Lindsay's findings regarding his three pre-plea grounds hinge on his plea being involuntary. [R. 48 pp. 5–7]  When a defendant pleads guilty, he or she waives all non-jurisdictional claims "relating to the deprivation of constitutional rights that

---

[4] Clearly, Grigsby's counsel's advice to accept a plea rather than advising Petitioner of two inapplicable defenses was not objectively deficient or unreasonable. *Strickland v. Washington*, 466 U.S. 668, 687–88 (1984).

occurred prior to the entry of the guilty plea." *Kotsonis v. United States*, No. 17-5099, 2017 WL 7310633, at *2 (6th Cir. Sept. 12, 2017) (quoting *Tollett v. Henderson*, 411 U.S. 258, 267 (1973)); *see also United States v. Lalonde*, 509 F.3d 750, 757 (6th Cir. 2007) ("A defendant waives his right to appeal constitutional violations occurring prior to a plea of guilty once the defendant enters his plea."). This is equally applicable to *Alford* pleas. *Howard v. White*, 76 F. App'x 52, 53 (6th Cir. Sept. 16, 2003). As Petitioner's plea was knowing and voluntary, these claims were waived, and Petitioner's objections are meritless.

   **D.**  **Additional Evidence**

    **i.**  **Evidentiary Hearing**

  Petitioner objects to the Magistrate Judge's recommendation that his request for an evidentiary hearing be denied [R. 48 p. 7], and filed a separate motion requesting an evidentiary hearing. [R. 47] "In deciding whether to grant an evidentiary hearing, a federal court must consider whether such a hearing could enable an applicant to prove the petition's factual allegations, which, if true, would entitle the applicant to federal habeas relief." *Schriro v. Landrigan*, 550 U.S. 465, 474 (2007). Factual determinations made by the state court shall be presumed correct unless the petitioner rebuts this presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

  In his objections, Petitioner states that an evidentiary hearing is necessary to discovery why his former counsel did not further investigate the possibility that Petitioner was being set up for a robbery, or why his counsel failed to further investigate mental examinations of Petitioner. [R. 48 p. 7] Petitioner claims that the answers to those questions would establish defenses of extreme emotional disturbance or self-defense. [*Id.*] Petitioner's argument fails for several reasons. First, when reviewing whether a state court's decision was contrary to or involved an

Case 3:17-cv-00463-CHB-CHL Document 58 Filed 04/23/20 Page 10 of 12 PageID #: 652

unreasonable application of federal law under 28 U.S.C. § 2254(d)(1), the Court is limited to the evidence before that court if the state court adjudicated the claim on the merits. *Cullen v. Pinholster*, 563 U.S. 170, 181–82 (2011). The Kentucky Court of Appeals' decision adjudicated Petitioner's ineffective assistance of counsel claim on the merits. It specifically considered Petitioner's arguments regarding extreme emotional disturbance and self-defense and found that Petitioner's own account of the facts made the defenses inapplicable. [R. 10-5 p. 77–78 (App. 247–48)] Therefore, *Pinholster* counsels that an evidentiary hearing is inappropriate. Moreover, an evidentiary hearing is not required, and a petition may be summarily dismissed, "if the record clearly indicates that the petitioner's claims are either barred from review or without merit." *Stanford v. Parker*, 266 F.3d 442, 459–60 (6th Cir. 2001). This is the case here, where Petitioner's description of the facts describes Tiphanie Durham's death as an accident, a distinct defense, and mutually exclusive of the two defenses Petitioner claims were applicable to his case.

        **ii.**     **Discovery**

Along with his objections, Petitioner also filed a Motion to Conduct Discovery. [R. 45] Petitioner seeks a psychiatric evaluation conducted at the request of his trial counsel, his own 2005 medical records, DMV records of a purported accomplice of his victim, and witness statements. [R. 45]

"Habeas petitioners have no right to automatic discovery." *Stanford*, 266 F.3d at 460. "A judge may, for good cause, authorize a party to conduct discovery under the Federal Rules of Civil Procedure and may limit the extent of discovery." Rule 6 of the Rules Governing Section 2254 Cases in the United States District Courts. The Supreme Court has clarified that "good cause" requires a petitioner to make "specific allegations" to show that if the facts were fully

developed, the petitioner could demonstrate that he is entitled to relief. *Bracy v. Gramley*, 520 U.S. 899, 908–09 (1997). For the reasons stated above, Petitioner would not be entitled to instructions for extreme emotional disturbance or self-defense under his theory of the case, and therefore any discovery regarding those issues would not entitle him to relief. This means that he is not entitled to the discovery he seeks.[5]

### E.      Certificate of Appealability

Finally, Petitioner objects to Judge Lindsay's recommendation that no certificate of appealability (COA) be issued. [R. 48 p. 8]  The Court may only issue a COA if a petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). "When a district court has rejected a petitioner's claims on the merits . . . [t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529, U.S. 473, 484 (2000). "When a district court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claim, a COA should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*  In this case, reasonable jurists would not debate the denial of Grigsby's § 2254 petition or conclude that the issues presented deserve to proceed further. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (citing *Slack*, 529 U.S. at 484). Accordingly, a certificate of appealability will not be issued.

**IT IS HEREBY ORDERED** as follows:

---

[5] The Court also notes that Petitioner already has access to many of the records that he requested and even filed some of them with his 11.42 motion in state court. [R. 10-4 pp. 38–48 (App. 115–125); R. 10-7 pp. 1–33 (App. 304–36)]

      1.      The Report and Recommendation **[R. 15]** is **ADOPTED** as the opinion of the Court;

      2.      Petitioner's Habeas Petition **[R. 1]** is **DISMISSED with prejudice**;

      3.      Petitioner's Motion to Conduct Discovery **[R. 45]** is **DENIED**;

      4.      Petitioner's Motion for Stay and Abeyance **[R. 46]** is **DENIED**;

      5.      Petitioner's Motion for an Evidential Hearing **[R. 47]** is **DENIED**;

      6.      No certificate of appealability will issue;

      7.      A separate Judgment shall issue contemporaneously with this Order.

This the 23rd day of April, 2020.

*[Signature: Claria Horn Boom]*

CLARIA HORN BOOM,
UNITED STATES DISTRICT COURT JUDGE
EASTERN AND WESTERN DISTRICTS OF
KENTUCKY